Mikel Ray Brown
2942 Foss Circle
Bountiful, UT 84010
Email: mikebrown@reagan.com
Phone: (801) 390-0058

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

NOV 1 6 2021

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Mikel Ray Brown,** *Sui juris,*<br><br>    *Plaintiff,*<br><br>    v.<br><br>**REID NEWEY, a man,**<br>**JOHN ROBISON, a man,**<br>**BLAKE HAYCOCK, a man,**<br>**SEAN JONES, a man,**<br>**RYAN ROBINSON, a man,**<br>**BRYAN MEMMOTT, a man,**<br>**DAVIS SCHOOL DISTRICT, a Corporation,**<br>**And WOODS CROSS CITY, a Municipal Corporation;**<br><br>    *Defendants.* | **VERIFIED COMPLAINT AND PETITION FOR DECLARATORY JUDGEMENT AND FOR PRELIMINARY INJUNCTION**<br><br>Case No: _____<br><br><br>Case: 1:21-cv-00154<br>Assigned To : Romero, Cecilia M.<br>Assign. Date : 11/16/2021<br>Description: Brown v Newey et al |

## VERIFIED COMPLAINT AND PETITION FOR DECLARATORY JUDGEMENT _AND_ FOR PRELIMINARY INJUNCTION

*NOW COMES* Mikel Ray Brown, *sui juris*, hereinafter referred to as "Plaintiff," in this court of

record, being one of the people of Utah neither in the capacity as a citizen of the STATE OF UTAH nor as

a citizen of the United States, to freely exercise his right to a trial by jury in a suit at common law

guaranteed to him by the seventh amendment to the United States Constitution. Plaintiff moves the court

to consider this civil action in the form of a "private Attorney General" as Plaintiff is suing on his own

behalf and on behalf of all others similarly situated. Plaintiff will show that he was subjected to

deprivation of rights secured by the United States Constitution. Plaintiff will show that said deprivation of constitutionally secured rights amounted to predicate acts, practiced and participated in, by all Defendants who are public servants, and who exceeded their authority granted to them by We The People. Plaintiff will further show that the above referenced combination amounted to a carefully crafted criminal enterprise, organized and orchestrated by Defendants toward the outcome of depriving Plaintiff, and others similarly situated, of his constitutionally secured rights in order to secure funding; and to seek publicity, favors, and political positions of power to the detriment of the Plaintiff.

## **PARTIES**

1. The Plaintiff, Mikel Ray Brown, *sui juris* (Herein after Plaintiff) is a Private Citizen of Utah "state" and owns a piece of land situated within, but outside, the limits and jurisdiction of Woods Cross City, Davis County, Utah "state" and can sue or be sued.

2. The Defendant, REID NEWEY in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, Davis County, and can sue and be sued.

3. The Defendant, JOHN ROBISON in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, Davis County, and can sue and be sued.

4. The Defendant, BLAKE HAYCOCK in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, Davis County, and can sue and be sued.

5. The Defendant, SEAN JONES in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, Davis County, and can sue and be sued.

6. The Defendant, RYAN ROBINSON in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

7. The Defendant, BRYAN MEMMOTT in his private and official capacity, (Herein after Defendant or Defendants collectively) is a citizen of the State of Utah, and can sue and be sued.

8. The Defendant, DAVIS SCHOOL DISTRICT and other interested Parties (Herein after Defendant or Defendants collectively) is a political subdivision of the "State" of Utah, Davis County, and can sue and be sued.

9. The Defendant, WOODS CROSS CITY and other interested Parties (Herein after Defendant or Defendants collectively) is a political subdivision of the "State" of Utah, Davis County, and can sue and be sued.

## **VENUE**

10. All parties are either owners on, or a political subdivision of, the District of Utah, State of Utah, therefore, venue is proper.

## **JURISDICTION**

11. Want of jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983, 28 U.S.C. §2201, §2202, 28 U.S.C. §1331, 1343(a), and 28 U.S.C. § 1367(a).

12. The rules governing this action are, in order of superiority: The rules of the common law; The Federal Rules of Civil Procedure;  The District of Utah Court Civil Rules of Procedure; The Federal Rules of Evidence;

13. Plaintiff is NOT a member of the B.A.R. Association and is not under oath or contract to strictly follow the rules of civil procedure. Furthermore, the courts have held that action that is brought by sovereign individuals, in their *sui juris* capacity, is not to be held to the same high standards as action brought by licensed attorneys. All that is required is that the pleading be in a format that "*any reasonable person could understand*" which this pleading conforms to.

## FACTS OF THE CASE

14. Exhibit-1 (Affidavit of Status), Exhibit-2 (Affidavit of Fact), Exhibit-3 (Notice of Claim, Trespass, Forgery, Fraud, and Barratry), Exhibit-4 (Trespass Notice from BLAKE HAYCOCK), Exhibit-5 (Email from Benjamin Onofrio, *legal counsel* for Davis School District), Exhibit-6 (Civil Rights Complaint in email form), Exhibit-7 (Emails from Plaintiff to Defendant BLAKE HAYCOCK), Exhibit-8 (Notice to Dismiss filed into court docket October 14,2021), Exhibit-9 (Certified court record), Exhibit-10 (State Criminal Complaint), Exhibit-11 (FBI Criminal Complaint) are included by reference as though fully stated herein.

15. Mikel Ray Brown, *sui juris,* is a man and one of the people of the State of Utah. As such, he is guaranteed certain unalienable rights which are guaranteed to him by the United States Constitution and the Utah Constitution. At all times during the course of this action, these rights were in place for the enjoyment of the Plaintiff as all are equal under the law and under the eyes of God.

16. On or about May 4th, 2021, Plaintiff attempts to attend a public meeting of the Davis School District Board meeting. Plaintiff reasonably expects to be able to access this place of public accommodation unmolested and as is required by Utah law.

17. Upon arriving, Plaintiff is unlawfully detained at the door by unknown individuals posing as peace officers acting under the color of state law. These individuals were impersonating officers of the United States.

18. These "officers" inform Plaintiff that he would not be allowed to enter the public building, giving no lawful basis for their assessment.

19. These "officers" attempted to assault and battered the Plaintiff when Plaintiff attempted to exercise his right to access public accommodation.

20. Notwithstanding the aforementioned, Plaintiff accesses the public accommodation under duress and without further incident.

21. On or about May 5th, 2021, Plaintiff again attempts to exercise his right to access public accommodations when he entered Mueller Park Junior High School to attend to a need of one of his offspring.

22. Once more, upon entering, Plaintiff is unlawfully detained by the school Principal and told, under the color of state law, that he must commit an act of assault upon himself in order to stay within the school by covering his mouth and nose with a face covering thus depriving himself of oxygen.

23. Plaintiff rightfully refused and was harassed and under duress for the entire time he was there.

24. On or about July 13th, 2021, Plaintiff exercised his right to access public accommodations when he attended a public hearing of the Davis School District Board meeting. Upon arriving, Plaintiff attempts to exercise his right to peaceably assemble by moving a few chairs closer together so as to converse with those that were with him. Defendant, JOHN ROBISON, took notice of this activity and gave the Plaintiff an unlawful order, under the color of state law, to move the chairs back.

25. When Plaintiff refused to comply with the unlawful order as is his right, Defendant JOHN ROBISON threatened to forcibly remove the Plaintiff from the meeting without a warrant and without probable cause of a crime.

26. During public comment, Plaintiff gave comments that were harsh of the elected Board Members activities due to their actions taken against his wishes as one of the People of Utah who employs these elected officials.

27. Plaintiff's comments were/are protected under the 1st amendment to the United States Constitution.

28. At no time did Plaintiff commit any crime against another man or woman, or any of these elected officials.

29. Nevertheless, Defendant JOHN ROBISON took issue with Plaintiff's comments and unlawfully ordered that Plaintiff be removed from the meeting, under the color of state law.

30. At this time, Defendant REID NEWEY was away attending to matters in Washington D.C. Upon his return, and reviewing the information provided to him by Defendant JOHN ROBISON, Defendant REID NEWEY made a legal determination that the alleged conduct of Plaintiff constituted a violation of Utah 53G-8-603 and 76-9-106.

31. Defendant REID NEWEY holds no license to practice law.

32. Defendant REID NEWEY ordered that a notice of trespass be issued to Plaintiff without affording Plaintiff his due process of law rights and without an appeal process.

33. Plaintiff receives a letter (Exhibit-4) dated July 20, 2021 from Defendant BLAKE HAYCOCK, informing Plaintiff that he will be trespassed if he attempts to enter any school property, quoting from the letter: *"Mr. Mike Brown, if you enter or remain on Davis School District property you will be charged with criminal trespass."*

34. On or about July 28th, 2021, Plaintiff attempted to resolve the matter when he sent an email (Exhibit-7) to Defendant BLAKE HAYCOCK asking the legal reason behind the trespass, who made the decision to issue said trespass, what is the length of the trespass, and finally what the appeal process was for this decision. No response was given.

35. Another email was sent on August 4th, 2021 asking for a written response. None was given.

36. Defendant BLAKE HAYCOCK wrote back on August 5th, 2021; "Mike, Just give me a call when you are available." Plaintiff previously informed Defendant BLAKE HAYCOCK that he wasn't available by phone and that he needed a written response.

37. On August 6th, 2021, Plaintiff emails Defendant BLAKE HAYCOCK one final time asking that his questions be answered. No reply was given.

38. On or about August 12, 2021, Plaintiff emails Benjamin Onofrio, the legal counsel for the district asking for answers to his questions. No reply was immediately given.

39. Administrative remedy has been exhausted.

40. On or about August 23, 2021, and with no reply to the answers Plaintiff was seeking, Plaintiff duly accesses a place of public accommodation to pick up his property, his offspring, from school. By right, Plaintiff reasonably expects to proceed without injury or harassment, secure in his capacities.

41. Upon exiting the school, Plaintiff inadvertently runs into Defendant BLAKE HAYCOCK, who promptly calls the local police to report Plaintiff as trespassing.

42. Plaintiff begins to travel from the parking lot in his personal conveyance, minding his own business.

43. Defendant SEAN JONES, traveling in his unmarked police vehicle, turns on his emergency lights and blocks Plaintiff's path preventing Plaintiff from leaving the parking lot. Defendant SEAN JONES then approaches Plaintiff using the extreme tactics of force, threat, and duress to impose a statute onto Plaintiff with the goal of generating revenue for his employer under the guise and color of state law.

44. Defendant SEAN JONES then issued a 'citation/summons' to Plaintiff with a "notice to contact the court" to schedule a hearing.

45. Defendant SEAN JONES has a duty and oath to uphold and defend the Constitution for the United States and the Constitution for Utah. Under the color of state law, Defendant SEAN JONES violated his oath to said Constitutions and violated Plaintiff's rights that are secured under these Constitutions.

46. Under the threat and duress of an unlawful warrant being issued for Plaintiff's arrest, Plaintiff contacts the court as directed to do so in the 'citation/summons'.

47. On September 2, 2021, Plaintiff receives a fictitious legal document via the US Postal Service titled "Notice of Video Arraignment" with Plaintiff incorrectly identified as "Defendant". This "Notice of Video Arraignment" was NOT accompanied by a verified claim nor was there a nature and cause of

the accusation that warranted this "Notice of Video Arraignment" as is required under the Constitution for the United States [1] and existing, well established, Utah law. [2]

48. Furthermore, this "Notice of Video Arraignment" didn't have the required documentation with it. This "Notice of Video Arraignment" is a simulation of legal process. Per the Constitution for the United States and the Utah State Constitution, all courts are to be open to the public.

49. On September 30, 2021, Plaintiff files with the clerk of the court the Affidavit of Status (Exhibit-1) and Affidavit of Fact (Exhibit-2) which were reflected on the court record as being received and filed.

50. On October 5, 2021, as directed by the fictitious legal document, Plaintiff joins the "Video arraignment hearing".

51. Defendant BRYAN MEMMOTT, then calls for Plaintiff's name and asks if he is there. Plaintiff responds in the affirmative and that he is there by special appearance to address this matter before the court, to which Defendant BRYAN MEMMOTT replies, "I don't know what that means."

52. Defendant BRYAN MEMMOTT then asks Plaintiff, "Do you understand your rights and the charges as I have read them to you?"

53. Plaintiff replies, "No, your honor, I do not. I object to this whole matter as there has been no ratification of commencement in this matter and I cannot and do not consent to move forward in this proceeding."

54. Defendant BRYAN MEMMOTT then replies that he doesn't know what that means and says it sound like the sovereign citizen thing. He again asks the above question again.

55. Plaintiff politely informs Defendant BRYAN MEMMOTT that he is referring to Rule 17 of the Utah Rules of Civil Procedure.

---

[1] *See United States Constitution, 6th Amendment*

[2] *See Utah Cd.of Crim.Pro. § 77-2-2.2*

56. Defendant BRYAN MEMMOTT replies that this is a criminal matter and that those rules do not apply and that this hearing is merely the format for establishing wether the Plaintiff wishes to plead guilty, not guilty, or no contest.

57. Plaintiff again objects to this process and hearing and Defendant BRYAN MEMMOTT notes the objection, but moves on.

58. Under duress, Plaintiff is forced to give a plea of not guilty.

59. Defendant BRYAN MEMMOTT then confers with Defendant RYAN ROBINSON, to determine if a pre-trial hearing is needed.

60. Defendant RYAN ROBINSON suggests that there be no pre-trial hearing and that they should schedule the trial.

61. Plaintiff objected to this and demands a pre-trial hearing which Defendant BRYAN MEMMOTT schedules for November 2, 2021.

62. On October 14, 2021, Plaintiff files with the clerk of the court a "Notice to Dismiss" (Exhibit-8) and is shown as docketed according to the court record received by Plaintiff on November 1st, 2021. (Exhibit-9)

63. On November 1st, 2021, Plaintiff received via email from Defendant RYAN ROBINSON a copy of the information signed by Defendant ROBINSON, but is missing the date of signature. Furthermore, the official court record (Exhibit-9) does not reflect the information being signed and dated at the commencement of the prosecution as is required under Utah law. [3]

64. On November 2, 2021, Plaintiff attends a "remote hearing" scheduled using zoom.

65. Plaintiff responds in the affirmative that he is present when his name is called by Defendant MEMMOTT.

---

[3] *See Utah Cd.of Crim.Pro. § 77-2-2.2*

66. Defendant ROBINSON then precedes to tell the judge, Defendant MEMMOTT, that he has spoken to the Plaintiff and the Plaintiff isn't interested in a plea of abeyance in this matter and that the objections submitted to the court by the Plaintiff should be denied because there is plenty of court precedence that actions can be commenced with just the citation alone.

67. Defendant ROBINSON submitted no opposition to Plaintiff's objections in writing before the hearing as is required by rule. [4] Defendant ROBINSON is also on the record admitting that he violated Utah law in this matter.[5]

68. Plaintiff then raises his objections before the court.

69. Plaintiff makes a move to put the court on judicial notice that there is no charging instrument on file with the clerk of the court as is required by Utah law. [6]

70. Plaintiff then informs the court that opposing counsel failed to object to Plaintiff's objections in writing prior to the scheduled hearing and he is therefore estopped from objecting to them in the hearing. [7]

71. Defendant MEMMOTT then interjects and says "while I appreciate the homework you have put into your affidavits and notice to dismiss, I am going to DENY them as they are baseless."

72. Defendant MEMMOTT gave no findings of fact nor conclusions of law to support his denial of Plaintiff's affidavits and notice to dismiss.

73. Plaintiff asks Defendant MEMMOTT for his findings of fact and conclusions of law in writing.

74. Defendant MEMMOTT says that he will issue those later on at the trial.

---

[4] *See Utah Rule.of Crim.Pro. 12*

[5] *See Utah Cd.of Crim.Pro. § 77-2-2.2*

[6] *See Utah Cd.of Crim.Pro. § 77-2-2.2*

[7] *See Utah Rules of Civ.P. 8(d)*

75. Plaintiff then asks Defendant MEMMOTT, "Is this a court of record?" To which Defendant
    MEMMOTT replies, "I am not going to answer that."

76. Defendant MEMMOTT then schedules the trial for December 28, 2021.

77. Plaintiff files with the Second Judicial District his citizen's state criminal complaint (Exhibit-10) as
    well as his FBI criminal complaint (Exhibit-11) on 11/12/21.

## FIRST CAUSE OF ACTION: DECLARATORY JUDGEMENT
## AND FEDERAL QUESTION

78. Plaintiff adopts and re-alleges paragraphs 1 through 77 of this complaint as though fully stated herein.

79. The Defendants did on various occasions in the months of May, July, August and September, 2021,
    enforce mandates under the color of law that have not been properly enacted by the State of Utah to
    enforce upon and extinguish the rights of the Plaintiff, to the bitter end of forcing Plaintiff into
    involuntary servitude. The mandates enforced by the Defendants have not been enacted by the State of
    Utah according to the provisions of Article 4, section 26 of the Utah Constitution.

80. The Defendants, WOODS CROSS CITY, DAVIS SCHOOL DISTRICT, BRYAN MEMMOTT, SEAN
    JONES, RYAN ROBISON, on or about September, October, and November 2021 did trespass upon
    Plaintiff's rights, without due process of law, without probable cause and without a proper warrant, to
    deprive the Plaintiff of his rights.

81. To make a civil infraction out of the use of, and the right to, access public accommodations, is an
    arbitrary and capricious abuse of legislative discretion, without due process of law, such conduct is a
    direct assault on the Plaintiff's rights without consideration and in disregard of the facts.

82. On or about July 20, 2021 the Defendants did deny rights clearly belonging to Plaintiff, under the
    guise of enactment of state laws and federal laws, among others, without just compensation.

83. **1st Federal Question:** When in the course of the business affairs of the Defendants, coming against the rights belonging to Plaintiff, are the Defendants subject to uphold Plaintiffs' constitutionally guaranteed rights? Plaintiff contends yes, but Defendants did not.

84. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional actions against Plaintiff.

85. **2nd Federal Question:** Must laws enacted by the State of Utah and adopted by the Defendants, be in compliance with Article 4 section 26 of the Utah Constitution? Plaintiff contends yes, but said laws have not been properly enacted by the state for the Defendants to adopt.

86. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional laws against Plaintiff.

87. **3rd Federal Question:** Must the Defendants comply with Federal law, Utah law, the United States Constitution, and the Constitution of the State of Utah? The Plaintiff contends yes, but Defendants did not.

88. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional, unlawful actions against Plaintiff.

Wherefore, Plaintiff requests judgment against Defendants.

## SECOND CAUSE OF ACTION: INJUNCTION

89. Plaintiff adopts and re-alleges paragraphs 1 through 88 of this complaint as though fully stated herein.

90. Plaintiff brings this cause of action for an injunction enjoining Defendants from further enforcing Defendant's improper application of the law by pursing the criminal case against Plaintiff in Woods Cross Justice Court, a *nici prius* court, without proper jurisdiction and without a verified claim against

Plaintiff. Furthermore, Plaintiff seeks an order ordering Defendants not to pursue further unwarranted, unlawful action against Plaintiff.

91. Defendants contend that Defendants criminal case against Plaintiff is constitutional and insist that they will continue to move it through the justice court against Plaintiff and Plaintiff has no other remedy at law.

92. Plaintiff has no adequate remedy at law, in that, an action for damages would not compensate Plaintiff for the loss of Plaintiff's constitutional rights as set forth in this complaint.

93. Therefore, the Plaintiff is entitled to injunctive relief against Defendants, to enjoin the Defendants from enforcing un-constitutional laws and violations of due process against Plaintiff.

## **THIRD CAUSE OF ACTION: 42 USC § 1983**

94. Plaintiff adopts and re-alleges paragraphs 1 through 93 of this complaint as though fully stated herein.

95. Defendant REID NEWEY, in his private and official capacity (Herein After NEWEY) did on various occasions mentioned above, move against Plaintiff in violation of Plaintiff's constitutionally secured rights to the bitter end of seeking a criminal conviction from the WOODS CROSS JUSTICE COURT. In violation of Plaintiff's due process rights protected under the 5th and 14th amendments to the United States Constitution.

96. Therefore, this cause of action is actionable under 42 USC §1983 for damages in NEWEY'S private capacity in the amount of $1,000,000.00.

## **FOURTH CAUSE OF ACTION: 42 USC § 1983**

97. Plaintiff adopts and re-alleges paragraphs 1 through 96 of this complaint as though fully stated herein.

98. Defendant JOHN ROBISON, in his private and official capacity (Herein After ROBISON) did on various occasions mentioned above, move against Plaintiff in violation of Plaintiff's constitutionally secured rights to the bitter end of seeking a criminal conviction from the WOODS CROSS JUSTICE COURT. In violation of Plaintiff's due process rights protected under the 5th and 14th amendments to the United States Constitution.

99. Therefore, this cause of action is actionable under 42 USC §1983 for damages in ROBISON'S private capacity in the amount of $1,000,000.00.

## FIFTH CAUSE OF ACTION: 42 USC § 1983

100. Plaintiff adopts and re-alleges paragraphs 1 through 99 of this complaint as though fully stated herein.

101. Defendant BLAKE HAYCOCK, in his private and official capacity (Herein After HAYCOCK) did on various occasions mentioned above, move against Plaintiff in violation of Plaintiff's constitutionally secured rights to the bitter end of seeking a criminal conviction from the WOODS CROSS JUSTICE COURT. In violation of Plaintiff's due process rights protected under the 5th and 14th amendments to the United States Constitution.

102. Therefore, this cause of action is actionable under 42 USC §1983 for damages in HAYCOCK'S private capacity in the amount of $100,000.00.

## SIXTH CAUSE OF ACTION: 42 USC § 1983

103. Plaintiff adopts and re-alleges paragraphs 1 through 102 of this complaint as though fully stated herein.

104. Defendant SEAN JONES, in his private and official capacity (Herein After JONES) did on various occasions mentioned above, move against Plaintiff in violation of Plaintiff's constitutionally secured rights to the bitter end of seeking a criminal conviction from the WOODS CROSS JUSTICE COURT. In violation of Plaintiff's due process rights protected under the 5th and 14th amendments to the United States Constitution.

105. Therefore, this cause of action is actionable under 42 USC §1983 for damages in JONES'S private capacity in the amount of $300,000.00.

## SEVENTH CAUSE OF ACTION: 42 USC § 1983

106. Plaintiff adopts and re-alleges paragraphs 1 through 105 of this complaint as though fully stated herein.

107. Defendant RYAN ROBINSON, in his private and official capacity (Herein After ROBINSON) did on various occasions mentioned above, move against Plaintiff in violation of Plaintiff's constitutionally secured rights to the bitter end of seeking a criminal conviction from the WOODS CROSS JUSTICE

COURT. In violation of Plaintiff's due process rights protected under the 5th and 14th amendments to the United States Constitution.

108. Therefore, this cause of action is actionable under 42 USC §1983 for damages in ROBINSON'S private capacity in the amount of $250,000.00.

## EIGHTH CAUSE OF ACTION: 42 USC § 1983

109. Plaintiff adopts and re-alleges paragraphs 1 through 108 of this complaint as though fully stated herein.

110. Defendant BRYAN MEMMOTT, in his private and official capacity (Herein After MEMMOTT) did on various occasions mentioned above, move against Plaintiff in violation of Plaintiff's constitutionally secured rights to the bitter end of seeking a criminal conviction from the WOODS CROSS JUSTICE COURT. In violation of Plaintiff's due process rights protected under the 5th and 14th amendments to the United States Constitution.

111. Therefore, this cause of action is actionable under 42 USC §1983 for damages in MEMMOTT'S private capacity in the amount of $750,000.00.

## NINTH CAUSE OF ACTION: 42 USC § 1983

112. Plaintiff adopts and re-alleges paragraphs 1 through 111 of this complaint as though fully stated herein.

113. Defendant DAVIS SCHOOL DISTRICT, (Herein After DISTRICT) did on various occasions mentioned above, move against Plaintiff in violation of Plaintiff's constitutionally secured rights to the bitter end of seeking a criminal conviction from the WOODS CROSS JUSTICE COURT. In violation of Plaintiff's due process rights protected under the 5th and 14th amendments to the United States Constitution.

114. Therefore, this cause of action is actionable under 42 USC §1983 for damages in DISTRICT'S capacity of Employer for the private capacity Defendants mentioned above employed by said DISTRICT in the amount of $2,750,000.00.

## **TENTH CAUSE OF ACTION: 42 USC § 1983**

115. Plaintiff adopts and re-alleges paragraphs 1 through 114 of this complaint as though fully stated herein.

116. Defendant WOODS CROSS CITY (Herein After CITY) did on various occasions mentioned above, move against Plaintiff in violation of Plaintiff's constitutionally secured rights to the bitter end of seeking a criminal conviction from the WOODS CROSS JUSTICE COURT. In violation of Plaintiff's due process rights protected under the 5th and 14th amendments to the United States Constitution.

117. Therefore, this cause of action is actionable under 42 USC §1983 for damages in CITY'S capacity of Employer for the private capacity Defendants mentioned above employed by said CITY in the amount of $2,750,000.00.

118. Wherefore, the Plaintiff asks this court to grant the above relief in the amount of $8,900,000.00 and,

119. Award plaintiff the costs of this action; and

120. Award plaintiff any other and further relief that the court deems just and proper.

## **AFFIRMATION**

I declare under penalty of perjury under the laws of the Republic of (but not "State of") Utah from _without_ the "United States" defined in 28 U.S.C. §1603(c ) and 26 U.S.C. §7701(a)(10) and only when litigated under the following conditions that the foregoing facts, exhibits, and statements made by me are true, correct, and complete to the best of my knowledge and ability in accordance with 28 U.S.C. §1746(1).

1. Trial by Jury in a court of record.

2. No jurist or judge may be a "U.S. citizen" under 8 U.S.C. §1401, or a "taxpayer" under 26 U.S.C. §7701(a)(14).

3. No jurist or judge, like the Plaintiff, may be in receipt of any federal financial or other benefit or employment nor maintain a domicile on federal property.

4. The common law of the state and no federal law or act of Congress are the rules of decision, as required Fed.R.Civ.P. Rule 17(b), 28 U.S.C. §1652, *Erie RR v. Tompkins*, <u>304 U.S. 64</u> (1938).

5. Any judge who receives retirement or employment benefits derived from Subtitle A of the I.R.C. recuse himself/herself in judging the law and defer to the jury instead, as required under 18 U.S.C. §208, 28 U.S.C. §144, and 28 U.S.C. §455.

Non-acceptance of this affirmation or refusal to admit all evidence attached to this pleading into the record by the court shall constitute withdrawal of consent to make a general appearance or submit myself to the jurisdiction of this court. This affirmation is an extension of my right to contract guaranteed under Article 1, Section 10 of the United States Constitution and may not be interfered with by any court of the Untied States.

Dated: 11/16/2021

Mikel Ray Brown
*Sui Juris,* natural person
All rights reserved

**JURAT**

Notary used without prejudice to my rights:

BE IT REMEMBERED, That on this 16 day of November in the year of our LORD, two thousand and twenty-one, personally appeared before me, the Subscriber, a Notary Public for the State of Utah, Mikel Ray Brown, party to this Document, known to me personally to be such, and he acknowledged this Document to be his act and deed. Given under my hand and seal of office, the day and year aforesaid.

Notary Public Sitting in, and for, The State of Utah



NOTARY PUBLIC
Efrain Ruiz
714963
My Commission Expires
11/03/2024
STATE OF UTAH