IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MIKEL R. BROWN,<br><br>    Plaintiff,<br>v.<br><br>REID NEWEY, et al,<br><br>    Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 1:21-cv-00154-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

  This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 31). Before the court is Defendants Sean Jones (Defendant Jones or Jones), Bryan Memmott (Defendant Memmott or Memmott), Ryan Robinson (Defendant Robinson or Robinson), and Woods Cross City's (collectively, Woods Cross Defendants) Motion to Dismiss (Motion) (ECF 48) for failure to state a claim. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the undersigned RECOMMENDS that the court GRANT the Motion (ECF 48) and dismiss Plaintiff's Amended Complaint as to the Woods Cross Defendants without prejudice.[1]

## I.  BACKGROUND

  Plaintiff Mikel Ray Brown (Plaintiff or Mr. Brown) proceeding pro se, filed his initial Complaint against Woods Cross Defendants and Davis School District Defendants on November 16, 2021 (ECF 1). On August 2, 2022, with leave of court (ECF 41), Mr. Brown filed his Amended

---

[1] Plaintiff submitted a combined response in opposition to Woods Cross Defendants' Motion and to the Motion to Dismiss filed by Defendants Davis School District, Reid Newey, Blake Haycock and John Robinson (collectively, Davis School District Defendants) (ECF 51). The court will address the Davis School District Defendant's Motion to Dismiss by way of separate order.

Complaint (Amended Complaint) (ECF 42). In response, Woods Cross Defendants filed the instant Motion on August 18, 2022 (ECF 48). Mr. Brown filed a Response to the Motion on September 24, 2022 (Response) (ECF 52). Woods Cross Defendants' Reply was filed on October 6, 2022 (Reply) (ECF 61).

The lawsuit arises from Mr. Brown's failure to wear "a face covering" and follow rules when in public buildings resulting in a trespass on school property citation for which Plaintiff was ultimately tried and convicted (ECF 42 at ¶¶ 16–149). According to the Amended Complaint, Mr. Brown on May 4, 2021, attempted to attend a public Davis School District Board meeting, but was not permitted access to a public building (*id.* ¶¶ 16–18). A day later, Mr. Brown entered Mueller Park Junior High School and was told that "in order to stay within the school," he would have to cover "his mouth and nose with a face covering," which he refused (*id.* ¶¶ 20–23). On July 13, 2021, Mr. Brown attended another public meeting by the Davis School District Board and was asked to move chairs back to how they were set up or he would be forcibly removed if he "did not comply with th[e] order" (*id.* ¶¶ 25–26). Mr. Brown eventually complied (*id.* ¶ 27).

A week later, on July 20, 2021, Mr. Brown alleges he received a letter at his home delivered by two police officers and Blake Haycock (Defendant Haycock) which stated: "Mr. Mike Brown, if you enter or remain on Davis School District property you will be charged with criminal trespass" (*id.* ¶¶ 33–55). Despite this notice, on August 23, 2021, Mr. Brown once again entered Davis School District property "to pick up his son from Woods Cross High School" (*id.* ¶ 52). Upon exiting the school, Mr. Brown ran into Defendant Haycock, who then allegedly called Defendant Jones "to report Plaintiff as trespassing" (*id.* at ¶ 53). Taking judicial notice of a justice court docket attached to the Motion,[2] Defendant Jones is a police officer for Woods Cross City

---

[2] Woods Cross Defendants attached and presumptively requests that the court take judicial notice of the state court proceedings in *Woods Cross City vs. Mikel Ray Brown*, Case Number 211300077 (ECF 48-1). The court finds that

(ECF 48-1). Plaintiff alleges in the Amended Complaint that after he left the school, Jones pulled Plaintiff over and issued him a criminal trespass citation and summons (ECF 42 at ¶¶ 57–60).

Mr. Brown attended his arraignment hearing over video before Defendant Memmott, who was the Justice Court Judge assigned to the matter (ECF 48-1). Defendant Robinson is the attorney who prosecuted the charges for Woods Cross City (ECF 48-1 at 1) (ECF 42 at ¶¶ 57–60). Plaintiff initially pled not guilty to the trespass charge against him (*id.* 42 ¶¶ 82, 93). Mr. Brown thereafter attended his trial remotely on December 28, 2021 (*id*. ¶¶ 122, 127). At the trial, Mr. Brown had previously filed motions denied by the state court, alleges he was given "no opportunity to present undisputed evidence in his defense," and found out he would not have jury trial (*id*. ¶¶ 135, 137, 140). Mr. Brown was eventually "found guilty of the [trespass] charge" (*id*. at 149).

Mr. Brown alleges ten different causes of action in his Amended Complaint (*see* ECF 42 at 15–23). Only the first, second, sixth, seventh, eighth, and tenth relate to the Woods Cross Defendants. The first two causes name all of Woods Cross Defendants and ask for injunctive relief (*id*. at 15–18). Under the first cause of action, Plaintiff alleges the Woods Cross Defendants violated 18 U.S.C. §§ 241, 242, and Utah Code Ann. § 76-8-201 by trespassing upon Plaintiff, "without due process, without probable cause and without a proper warrant" (*id*. ¶ 153).

As to the second cause of action, Mr. Brown asks the court to enjoin all Woods Cross Defendants from "further enforcing Defendant's improper application of the law by pursing the criminal case against Plaintiff in Woods Cross Justice Court" (*id*. ¶ 163).

---

these proceedings directly relate to the case at hand and therefore grants Woods Cross Defendants unopposed request. *See Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1227 (D. Utah 2016) ("[A]lthough not obliged to do so, a court in its discretion may take judicial notice of publicly-filed records in [federal] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation and internal quotation marks omitted). Thus, consideration of these proceedings in resolving Woods Cross Defendants' Motion to Dismiss is appropriate. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) notice without converting the motion to dismiss into a motion for summary judgment." (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006))).

The sixth (against Jones), seventh (against Robinson), and eight (against Memmott) causes of action ask for different amounts of monetary relief under 42 U.S.C. § 1983 (*see id*. ¶¶ 185–206). The tenth cause of action is against Woods Cross City and also seeks monetary relief under Section 1983 (*see id*. ¶¶ 210–215). Each of these four § 1983 claims generally allege violations to Mr. Brown's "right to privacy, right to face his accuser, right to freely move, right to a trial by a jury of his peers, right to present evidence in his defense, and due process rights protected under the 4th, 5th, 6th, 9th and 14th amendments to the United States Constitution" (*see id*.).

Woods Cross Defendants move to dismiss Mr. Brown's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF 48 at 1). Woods Cross Defendants argue the claims against them in the Amended Complaint should be dismissed as they are "subject to a number of other defenses" and because they "are immune from the suit" (*id*.). The court agrees that the claims against Woods Cross Defendants should be dismissed for the reasons set forth below.

## II.   LEGAL STANDARDS

When deciding if a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a

4

'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554–55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, 493 F.3d at 1177.

A court construes pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

### III. DISCUSSION

**A. Plaintiff's claims against Memmott are barred by absolute judicial immunity.**

"A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimately assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Supreme Court has recognized only two exceptions to absolute judicial

immunity: (1) "actions not taken in the judge's judicial capacity" and (2) judicial actions "taken in the complete absence of all jurisdiction." *Higley v. State of Utah* et al, No. 2:14-cv-00506-CW, 2016 WL 1170811, at *2 (D. Utah Jan. 16, 2016) (citing *Mireles*, 502 U.S. at 11–2). A judge's action qualifies as "judicial" if "it is a function normally performed by a judge." *Id.* (quoting *Stump*, 435 U.S. at 362).

Here, Plaintiff alleges that Memmott did not follow Utah Rule of Civil Procedure 81(e), denied the "threshold issues" Plaintiff argued, denied Plaintiff's "motion to claim and exercise constitutional rights, on the court record," did not give any "findings of fact and conclusions of law in support of his ruling," failed to give him an opportunity to present any evidence, and also denied Plaintiff his "substantive right to a trial by a jury of his peers." (ECF 42 at ¶¶ 91, 112, 135–37, 141).

The court finds the actions alleged to be taken by Memmott are clearly judicial in nature and subject to absolute judicial immunity. *See Stump*, 435 U.S. at 359. In the Response, Plaintiff argues that the defense of absolute judicial immunity does not apply to Memmott because he "violated the very sacred constitutions they took an oath to uphold and protect," making Memmott personally liable for the actual and emotional damages suffered by Plaintiff (ECF 52 at 18). This argument fails as Plaintiff has not alleged any facts showing Memmott acted outside his judicial capacity or in the absence of jurisdiction, *see Higley*, 2016 WL 1170811, at *2, or facts connecting the allegations to any of the mentioned constitutional violations. As such, the court finds that absolute judicial immunity applies and RECOMMENDS that Plaintiff's first, second and eight claims against Memmott asking for injunctive and monetary relief be dismissed without prejudice.

**B. Plaintiff's § 1983 claims against the remaining Woods Cross Defendants require dismissal.**

*i. Plaintiff has failed to plead sufficient facts to overcome the Heck doctrine as to the sixth cause of action for Section 1983 monetary relief against Defendant Jones.*

The sixth cause of action comes under 42 U.S.C. § 1983, and through it, Plaintiff alleges that Jones violated his "constitutionally secured rights to the bitter end of seeking a criminal conviction" (ECF 42 at ¶ 186). Plaintiff claims Jones violated his "right to privacy, right to face his accuser, right to freely move, right to a trial by a jury of his peers, right to present evidence in his defense, and due process rights protected under the 4th, 5th, 6th, 9th and 14th amendments to the United States Constitution" (*id.*). Plaintiff, under the sixth cause of action, also asserts that Jones "violated the constitution and clearly established state and federal laws" under "18 § U.S.C. 241 and 242 as well as Utah Code Ann § 76-8-201" (*id.* ¶ 191).

"In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (citing *Heck*, 512 U.S. 486–87). The *Heck* Doctrine keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

The court finds that the *Heck* doctrine is relevant to Plaintiff's sixth cause of action against Defendant Jones under 42 U.S.C. § 1983 and should be dismissed without prejudice. In the Amended Complaint, Plaintiff fails to allege any facts that show that his "conviction has been

7

reversed on direct appeal or impaired by collateral proceedings." *Nichols*, 315 F. App'x at 739. This reasoning is congruent with past rulings from this court and the Tenth Circuit. *See, e.g., Bryner v. Utah*, 429 F. App'x 739, 744 (10th Cir. 2011) (affirming a district court's decision to dismiss a probable cause challenge under the *Heck* doctrine); *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011) (holding that all of the plaintiff's claims alleging "he was subject to an illegal arrest and search without probable cause," were barred by the *Heck* doctrine "because each necessarily implie[d] the invalidity of Johnson's sentence").

Here, just like in *Bryner* and *Johnson*, Plaintiff challenges Jones' probable cause determination at the time Plaintiff received his citation (ECF 42 at ¶ 63), so deciding whether the alleged constitutional violations occurred as pled in the sixth cause of action would "necessarily impl[y] the invalidity of" Plaintiff's conviction. *Johnson*, 411 F. App'x at 198. Equally, Plaintiff's other allegations that Defendant Jones acted out of jurisdiction (ECF 42 at ¶¶ 64–65) are barred by the *Heck* Doctrine as they challenge the validity of Plaintiff's underlying conviction without first showing that the relevant conviction has "reversed on direct appeal or impaired by collateral proceedings." 512 U.S. at 486. As such, the undersigned RECOMMENDS that the sixth cause of action against Defendant Jones be dismissed without prejudice.

> ii. *Plaintiff's seventh cause of action under Section 1983 against Defendant Robinson is barred by absolute prosecutorial immunity.*

"Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 425–28 (1976)). The courts "have long drawn a distinction between a prosecutor's actions in connection with the judicial process, which are protected by

8

prosecutorial immunity, and those that are primarily investigative or administrative in nature and hence are not so protected from suit. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (citing *Imbler*, 424 U.S. at 430–31). Prosecutorial immunity also operates as an immunity from suit and not just damages. *Pfeiffer*, 929 F.2d at 1489–1490.

The seventh cause of action comes under 42 U.S.C. § 1983, in which Plaintiff claims that Defendant Robinson violated his constitutional rights "to the bitter end of seeking a criminal conviction" (ECF 42 at ¶ 196). Like Defendant Jones, Plaintiff alleges Robinson violated Plaintiff's "right to privacy, right to face his accuser, right to freely move, right to a trial by a jury of his peers, right to present evidence in his defense, and due process rights protected under the 4th, 5th, 6th, 9th and 14th amendments to the United States Constitution" (*id.*). Plaintiff, under the seventh cause of action, also asserts that Robinson "violated the constitution and clearly established state and federal laws" under "18 § U.S.C. 241 and 242 as well as Utah Code Ann § 76-8-201" (*id.* ¶¶ 196, 198).

Here, Plaintiff fails to allege any facts that show Defendant Robinson acted outside of his prosecutorial role or any other facts or law that trumps the defense of prosecutorial immunity. *See Nielander*, 582 F.3d at 1164. In the Response, Plaintiff argues that the defense of absolute prosecutorial immunity does not apply to Defendant Robinson because he "violated the very sacred constitutions they took an oath to uphold and protect" and that these alleged violations, make Defendant Robinson personally liable for the actual and emotional damages suffered by Plaintiff (ECF 52 at 18). However, this argument also fails to allege any facts showing the doctrine of absolute prosecutorial immunity does not apply. As such, the undersigned RECOMMENDS that Plaintiff's seventh cause of action against Defendant Robinson be dismissed without prejudice.

    *iii.*  *Plaintiff's tenth cause of action against Woods Cross City should be dismissed for failure to allege municipal liability.*

  The Supreme Court has stated that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Hence, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. Instead, to state a claim for municipal liability under § 1983 for the actions of a municipal employee, a party must sufficient facts identifying "a government's policy or custom" that caused the alleged injury. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (citing *Monell*, 436 U.S. at 691–92). "Furthermore, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability …, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Plaintiff has the burden to demonstrate it is plausible "that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider*, 717 F.3d at 769. A claim under § 1983 for deliberate indifference based on a policy or practice against a municipality requires plaintiff to allege "(1) official policy or custom, (2) causation, and (3) state of mind." *Schneider*, 717 F.3d at 769.

  Upon careful review of Plaintiff's Amended Complaint, the court finds that no specific factual allegations have been alleged against Woods Cross City. This alone is grounds for dismissal. *See, e.g., Brahmall v. Cyprus Credit Union*, No. 2:19-CV-477, 2021 WL 5180945, *5–6 (D. Utah Jan. 25, 2021) (finding the plaintiff made no allegations concerning a claim and therefore failed to state a claim). Even if Plaintiff alleged facts that Woods Cross City is liable for any of the violations, Plaintiff failed to allege "that the act resulted from a specific 'unconstitutional

10

municipal policy.'" *Higley*, 2016 WL 1170811, at *3 (quoting *City of Okla. City*, 471 U.S. at 823–24). Due to Plaintiff's pleading deficiencies, the court does not reach the pleading sufficiency of the remaining elements: "(2) causation, and (3) state of mind." *Schneider*, 717 F.3d at 769. The undersigned therefore RECOMMENDS that Plaintiff's tenth cause of action against Defendant Woods Cross City be dismissed without prejudice.

### C. Plaintiff's claims for injunctive relief require dismissal.

#### i. Plaintiff's first cause of action for injunctive relief fails to state a claim.

The first cause of action asks for declaratory and injunctive relief against Woods Cross Defendants for violations of Plaintiff's "rights, without due process of law, without probable cause and without a proper warrant" under 18 U.S.C. §§ 241, 242, and Utah Code Ann § 76-8-201. (ECF 42 ¶¶ 153–54, 161).

First, there is no private right of action under either 18 U.S.C. §§ 241. 242 or Utah Code Ann. § 76-8-201. 18 U.S.C. § 241 is a criminal federal statute for a conspiracy against rights with a remedy of imprisonment or a fine. 18 U.S.C. § 242 makes it a crime for a person acting under the color of law to deprive another person "of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." These statutes are part of the Federal Criminal Code and do not grant civil plaintiffs, like Mr. Brown, a path for any type of relief. *See, e.g., United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that "[t]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes" (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994))).

Similarly, Utah Code Ann § 76-8-201 is a criminal statute where the state can pursue a class B misdemeanor if a violation is found and does not grant Plaintiff's sought relief.

11

Additionally, none of these three statutes explicitly provide a right to injunctive relief. Plaintiff has thus failed to state a claim for injunction under the first cause of action.

Moreover, even construing Plaintiff's claims for injunctive relief liberally, Plaintiff has at best only made conclusory "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," not entitled to being taken as true. *Ashcroft*, 556 U.S. at 681. Plaintiff alleges Jones used "extreme tactics of force, threat, and duress," failed "to inform the Plaintiff of his probable cause and reasoning for detaining Plaintiff," offered "no physical and/or tangible evidence to prove that Plaintiff is a 'person' according to statutory definitions," and failed to "present a warrant for Plaintiff's arrest," (ECF 42 at ¶¶ 61, 63, 65 & 68). As to Robinson, Plaintiff alleges Robinson violated several Utah criminal procedure codes and rules after failing to file affidavits opposing Plaintiff's different objections, suggesting there was no need for a pre-trial hearing, and stating that the "objections submitted to the court by the Plaintiff should be denied because there is plenty of court precedence that actions can be commenced with just the citation alone" (*see id*. ¶¶ 103–09). The Amended Complaint, again, makes no explicit mention of Defendant Woods Cross City.

Under these allegations, it is unclear how Plaintiff has set forth a plausible claim, specifically how his due process rights were violated or how probable cause or a warrant were improper as the Amended Complaint contains facts alleging otherwise: Plaintiff alleges he was issued notice and warning of criminal charges, Jones acted upon probable cause from Defendant Haycock, and Plaintiff attended his trial and was ultimately found guilty (*id.* at ¶¶ 48, 53, 149). As such, Plaintiff's request to enjoin the Defendants from enforcing unidentified "un-constitutional,

unlawful actions" is a bare assertion lacking supporting facts and a legal basis.[3] Accordingly, the court RECOMMENDS that Plaintiffs' first cause of action be dismissed without prejudice.

        *ii.*     *Plaintiff's second cause of action for injunctive relief fails to state a claim.*

The second cause of action asks for an injunction to halt "Defendant's [sic] improper application of the law by pursing the criminal case against Plaintiff in Woods Cross Justice Court" (ECF 42 at ¶ 163). According to Plaintiff, Woods Cross Defendants violated his rights "by pursuing the criminal case against Plaintiff in Woods Cross Justice Court, a nici prius court, without proper jurisdiction, without proof of jurisdiction, and without a verified claim against Plaintiff" (*id.* at ¶ 163).

Looking at the same allegations as in the first cause of action, the court finds that Plaintiff again fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, as to Defendants Jones, Robinson, and Woods Cross City and the alleged violations in the second cause of action. The second cause of action also fails to satisfy Rule 8's notice pleading standard which "requires a complaint to contain a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Peck*, 2020 WL 8461576, at *3. It is not clear what facts, if any, support the second cause of action. As such, the court finds that the allegations in the second cause of action are conclusory and fail to state a claim. The undersigned therefore RECOMMENDS that the second cause of action be dismissed without prejudice.

---

[3] Not only does the Amended Complaint thus fail to comply with Rule 12(b)(6), it also violates Rule 8(a), which "requires a complaint to contain a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Peck v. Dept of Hous. & Urb. Dev.*, No. 220-CV-00321RJSCMR, 2020 WL 8461576, at *3 (D. Utah Dec. 17, 2020), *report and recommendation adopted sub nom. Peck v. Dep't of Hous. & Urb. Dev.*, No. 220-CV-00321, 2021 WL 100506 (D. Utah Jan. 12, 2021)

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the court GRANT Woods Cross Defendants' Motions to Dismiss (ECF 48) and dismiss all claims, collectively and individually, against Woods Cross Defendants without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7 February 2023.

*[signature]*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah