IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIKEL RAY BROWN,<br><br>Plaintiff,<br>v.<br><br>REID NEWEY; JOHN ROBISON; BLAKE HAYCOCK; SEAN JONES; RYAN ROBINSON; BRYAN MEMMOTT; DAVIS SCHOOL DISTRICT; and WOODS CROSS CITY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING WOODS CROSS DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Case No. 1:21-cv-00154-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Sean Jones ("Jones"), Ryan Robinson ("Robinson"), Bryan Memmott ("Memmott"), and Woods Cross City (collectively, the "Woods Cross Defendants") moved to dismiss Plaintiff Mikel Ray Brown's amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 48. Magistrate Judge Cecilia M. Romero ("Judge Romero") issued a report and recommendation that the court grant the motion and dismiss Plaintiff's claims as to the moving Defendants. ECF No. 65. Plaintiff then filed several objections to the report and recommendation. ECF No. 66. The court OVERRULES these objections, ADOPTS the report and recommendation, and GRANTS the Woods Cross Defendants' motion to dismiss.

## BACKGROUND

This dispute arises from Brown's decision not to wear a face covering and to disregard several other rules while on Davis School District property during the COVID-19 pandemic. Brown was ultimately cited for trespassing on school property and convicted of this offense. Now,

in a separate action, Brown seeks injunctive relief and monetary damages from the government actors who participated in his arrest, prosecution, and conviction.

According to the amended complaint, on May 4, 2021, Brown attempted to attend a public meeting of the Davis School District Board but was barred from entering by individuals purporting to provide security for the event. ECF No. 42 at ¶¶ 16–18. A day later, on May 5, 2021, Plaintiff attempted to enter Mueller Park Junior High School but was confronted by the school's principal, who requested that Brown wear a mask in order to remain in the building. *Id*. at ¶¶ 20–21. On July 13, 2021, Brown attended another public meeting of the Davis School District Board. *Id*. at ¶ 25. At this meeting, Brown moved several chairs together, though they had been set up apart from one another for the purpose of social-distancing. *Id*. Defendant John Robison ("Robison"), who was a member of the Davis School Board, noticed that Brown had moved the chairs and asked Plaintiff to return them to their original position. *Id*. Brown refused to comply and Robison then "threatened to forcibly remove the Plaintiff from the meeting." *Id*. at ¶ 26. In response to this comment, Brown acceded to Robison's demands and was allowed to remain at the meeting without further incident. *Id*. at ¶¶ 27-32.

On July 20, 2021, Defendant Blake Haycock ("Haycock") and two police officers personally delivered a letter to Brown's home. *Id*. at ¶¶ 33–35. The letter stated: "Mr. Mike Brown, if you enter or remain on Davis School District property you will be charged with criminal trespass" *Id*. at ¶ 35. Despite the letter's warning, on August 23, 2021, Brown once again entered Davis School District property to pick up his son from Woods Cross High School. As Brown left the school, he "inadvertently [ran] into Haycock, who promptly call[ed] Defendant Jones to report Plaintiff as trespassing. *Id*. at ¶ 53. Jones, who was a police officer employed by Woods Cross City according to filings in the state district court case that would soon be brought against Brown, then pulled Plaintiff over as he left the

school and issued a criminal trespass citation and summons alleging a violation of Utah Code § 53G-8-603, a class B misdemeanor.[1] ECF No. 48-1; *Id*. at ¶¶ 57–60.

---

[1] The Woods Cross Defendants attached the state district court and justice court dockets in *Woods Cross City v. Mikel Ray Brown*, as well as several related filings, to their motion to dismiss. ECF No. 48-1—ECF No. 48-5 (No. 221700035 (Utah D. Ct.) and No. 211300077 (Woods Cross Justice Ct.)). By attaching these records to their motion, the court presumes the Woods Cross Defendants intended to request that the court take judicial notice of these state proceedings. Judge Romero's Report and Recommendation advised that this court exercises its discretion to take judicial notice of the state court dockets because their contents are directly relevant to the case at hand. *See St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

A court may take judicial notice of prior judicial proceedings when issuing a Rule 12(b)(6) order "without converting the motion to dismiss into a motion for summary judgment." *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006)). But Plaintiff objects that, because the state court documents of which the court took judicial notice were created after his initial attempt to file his amended complaint, they were improperly considered by the court. Brown maintains that "[t]aking judicial notice of these facts constitutes an impossibility, unless of course Romero has a time machine and/or can magically see into the future." ECF No. 66 at 3. This argument arises from procedural confusion regarding the actual date upon which Plaintiff filed his amended complaint. Brown submitted his amended complaint to the clerk's office on January 18, 2022, but the clerk of court lodged the document because, as Judge Romero explained in an order finding two motions to dismiss moot, "Plaintiff also filed a response to the motions to dismiss on January 18, 2022 which muddled the procedural posture in thus [sic] matter." ECF No. 41 at 1. In her order, Judge Romero ultimately held that Plaintiff had timely submitted his amended complaint on January 18, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and ordered that the clerk of court mark the amended complaint as filed with a filing date of August 2, 2022. *Id*. at 2-3.

Plaintiff objects to Judge Romero's decision to take judicial notice of state court filings that occurred after the amended complaint's lodging date but before its filing date. Despite Plaintiff's objection, the court decides that it may review these records on a 12(b)(6) motion for several reasons. First, Plaintiff cites no case law to establish any limitation based on time that would preclude the court from reviewing a state court docket. Second, the principle that a state court's docket is an official record is derived from Federal Rule of Evidence 201, which does not refer to the timing of the creation of the noticed fact. *St. Louis Baptist Temple*, 605 F.2d at 1172. Indeed, Rule 201's key requirements are that the fact to be noticed "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, the facts of criminal dockets meet both criteria as state court records are both public and reliable. Third, rather than allowing judges to "see the future," allowing courts to take judicial notice of changes to a docket after the filing of a complaint simply ensures that courts do not use a "time machine" to decide issues as though they were living in the past. ECF No. 66 at 3. It makes no sense for a court to pretend that the disposition of a case

3

Brown was arraigned in Woods Cross Justice Court for his misdemeanor on October 5, 2021. ECF No 48-1 at 2. Defendant Memmott was the presiding judge and Defendant Robinson was the prosecuting attorney advocating on behalf of Woods Cross City. *Id*. at 1. Plaintiff initially pled not guilty to his trespassing charge. ECF No. 42 at ¶ 93. He maintains that prior to his arraignment he challenged the jurisdiction of the court in writing. *Id*. at ¶ 87. He also contends that he objected to the commencement of proceedings during his arraignment. *Id*. at ¶ 89. The case moved to trial on December 28, 2021. *Id*. at ¶¶ 122, 127. Brown had previously filed a notice to dismiss, which was denied by the justice court, but still alleged that he was given "no opportunity to present undisputed evidence in his defense." *Id*. at ¶¶ 111, 112.  At trial, he also complained that his case would not be heard by a jury. *Id*. at ¶ 139. Despite his procedural objections, the court ultimately found Brown guilty of trespassing. *Id*. at ¶ 149.

Brown filed a complaint in this court on November 16, 2021, soon after the conclusion of his justice court trial. ECF No. 1. Two months later, on January 6, 2022, he exercised his right to appeal his conviction by way of a de novo trial in the Second Judicial District Court of Davis County, Utah. ECF No. 48-4. Plaintiff filed a motion to dismiss in state district court on February 15, 2022, arguing that the charges against him were unconstitutional. ECF No. 48-2. This motion was denied on July 8, 2022. ECF No. 48-3. Soon after, on July 21, 2022, Plaintiff entered into a plea in abeyance under which he admitted guilt to a misdemeanor and agreed to a sentence of six-months probation. ECF No. 48-4. By signing the plea deal, Plaintiff agreed to waive the due process rights associated with the charge against him, including his rights to a jury trial, to confront

---

in March 2023 remains the same as it was in January 2022. The court will inevitably have to consider the indisputable facts of Plaintiff's state district court case at some point during this litigation. For the sake of the parties' time and effort, the court chooses to exercise its discretion to consider this evidence at the motion to dismiss stage rather than waiting until summary judgment.

and cross-examine witnesses, to compel witnesses, to testify and not to incriminate himself, to a presumption of innocence, and to an appeal. *Id*. at 2-3.

On January 18, 2022, just after appealing his justice court case, Brown submitted an amended complaint to this court. ECF No. 35. Initially, the clerk's office lodged this document but did not file it due to confusion over the procedural posture of the case. *Id*.; *see* ECF No. 41 at 1. However, on August 12, 2022, Judge Romero converted the amended complaint into a proper filing. ECF No. 48. Brown's amended complaint includes ten separate causes of action. ECF No. 42 at ¶¶ 151-215. The first, second, sixth, seventh, eighth, and tenth relate to the Woods Cross Defendants. The first cause of action, requesting a declaratory judgment, names all the Woods Cross Defendants. *Id*. at ¶¶ 151-61. It alleges that Defendants trespassed upon Plaintiff "without due process, without probable cause and without a proper warrant" in violation of 18 U.S.C. §§ 241, 242, and Utah Code § 76-8-201. *Id*. at ¶ 153.

Brown's second cause of action also names all of the Woods Cross Defendants. *Id*. at ¶¶ 162-66. It seeks to enjoin Defendants from "pursing the criminal case against Plaintiff in Woods Cross Justice Court, a *nici prius* court, without proper jurisdiction, without proof of jurisdiction, and without a verified claim against Plaintiff." *Id*. at ¶ 163. Additionally, it seeks "an order ordering Defendants not to pursue further unwarranted, unlawful action against Plaintiff." *Id*.

The sixth (Jones), seventh (Robinson), and eighth (Memmott) causes of action request monetary damages against the listed Defendants in their personal and official capacities under 42 U.S.C. § 1983. *Id*. at ¶¶ 185–206. The tenth cause of action also seeks monetary relief against Woods Cross City under § 1983. *Id*. at ¶¶ 210-15. In each of these causes of action, Plaintiff generally alleges that Defendants violated his constitutional rights, including his "right to privacy, right to face his accuser, right to freely move, right to a trial by a jury of his peers, right to present

5

evidence in his defense, and due process rights protected under the 4th, 5th, 6th, 9th and 14th amendments to the United States Constitution." *See e.g., id*. at ¶ 186.

On August 18, 2022, the Woods Cross Defendants moved to dismiss Brown's amended complaint. ECF No. 48. The Defendants primarily argued that the complaint should be dismissed because they were each immunized from suit due to their relationship to government entities. On February 7, 2023, Judge Romero issued a report and recommendation that the court grant the motion to dismiss. ECF No. 65. She observed that (1) "Plaintiff's claims against Memmott are barred by absolute judicial immunity," (2) "Plaintiff has failed to plead sufficient facts to overcome the *Heck* doctrine as to the sixth cause of action . . . against Defendant Jones," (3) "Plaintiff's seventh cause of action . . . is barred by absolute prosecutorial immunity," (4) "Plaintiff's tenth cause of action against Woods Cross City should be dismissed for failure to allege municipal liability," and (5) Plaintiff's first and second causes of action for injunctive relief fail to state a claim. *Id*. at 5, 7, 8, 9, 11. On February 14, 2023, Brown filed an objection to Judge Romero's report and recommendation. ECF No. 66.

## STANDARD OF REVIEW

The portions of the report and recommendation to which Brown has objected are reviewed de novo. Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But courts may also take judicial notice of directly relevant proceedings in other cases. *St. Louis Baptist Temple*, 605 F.2d at 1172. "Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion

without converting the motion to dismiss into a motion for summary judgment." *Hodgson*, 675 F. App'x at 841 (citation omitted).

## ANALYSIS

Brown lodges several objections to Judge Romero's report and recommendation. The court reviews each objection to explain its decision to adopt Judge Romero's findings and dismiss each claim against the Woods Cross Defendants.

### I.   OBJECTION TO JUDGE ROMERO'S AUTHORITY AND CONDUCT[2]

Brown advances several objections pertaining to Judge Romero's fitness to perform her role as a magistrate judge under 28 U.S.C. § 636(b)(1)(B). Each objection lacks merit.

First, Brown asserts that Romero is not a "bona fide, de jure federal magistrate judge" and "demands strict proof" that she holds such office by production of a copy of her oath of office. ECF No. 66 at 1. He maintains that absent proof of her oath, which she is apparently required to provide pursuant to 5 U.S.C. § 2906, the court must assume that Judge Romero was "impersonating a federal officer." *Id*. According to Brown, this would mean that Judge Romero has no "jurisdiction" to issue a report and recommendation and that the court must disregard all of her recommendations and orders in this case.

The Sixth Circuit disposed of a similar "patently frivolous" argument in *United States v. Conces*. *Laues-Gholston v. HSBC Mortg. Servs.*, No. 13-12463, 2014 WL 1612357, at *1 (E.D. Mich. Apr. 22, 2014) (citing *United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007)). There, the court persuasively denied a challenge to the jurisdiction of a district judge for his failure to

---

[2] Plaintiff's arguments regarding Judge Romero's authority to file a Report and Recommendation and her ethical conduct during this litigation are scattered throughout his objection. ECF No. 66 at 1-2, 11-14. The court reviews all arguments of this nature in this section of its memorandum decision.

7

provide a copy of his oath. It held that no federal statute compelled the judge to demonstrate to a particular litigant that he had taken an oath. The court explained:

> [Plaintiff] . . . challenges the district court's subject matter jurisdiction over this case, in light of the district judge's failure to comply with his demand to produce certain "oaths of office." Yet, the statutes upon which he principally relied in advancing this same jurisdictional challenge in the court below, 5 U.S.C. §§ 2906 and 3331,[3] apply by their terms only to individuals "elected or appointed to an office of honor or profit *in the civil service or uniformed services*," 5 U.S.C. § 3331 (emphasis added), and not to judicial officers. *See Miller v. Johnson*, 541 F. Supp. 1165, 1171 (D.D.C. 1982). While federal judges have an analogous statutory obligation to take an oath before performing the duties of their office, *see* 28 U.S.C. § 453, nothing in this statute (or elsewhere in the law) requires that a district judge demonstrate to the satisfaction of a litigant in a particular case that he or she has taken this oath. Nor has [Plaintiff] suggested any reason why a district court's subject matter jurisdiction over each case on its docket should hinge upon the district judge's ability or willingness to provide the parties with such proof of his or her compliance with § 453. Accordingly, the district court properly rejected this jurisdictional challenge as frivolous.

*Conces*, 507 F.3d at 1041. (Footnotes from decision omitted and additional footnotes added). The logic of the Sixth Circuit's holding in *Conces* applies equally to magistrate judges. Under 28 U.S.C. § 631(g), like a district judge, a magistrate judge must take "the oath or affirmation prescribed by section 453 . . . before performing the duties of his office." Thus, persuaded by the Sixth Circuit's reasoning, this court rejects Plaintiff's jurisdictional challenge under § 2906.[4]

---

[3] Plaintiff does not cite § 3331, but this statute provides the language of the oath referred to in § 2906, a provision stating that "[t]he oath of office taken by an individual under section 3331 of this title shall be delivered by him to, and preserved by, the House of Congress, agency, or court to which the office pertains." 5 U.S.C. § 2906.

[4] It is worth highlighting a footnote from *Conces* where the court further dissuades pro se litigants from pursuing jurisdictional challenge using oath of office statutes.

> [W]e understand that other websites in the nether regions of the Internet advocate this same tactic—i.e., demanding that federal judges establish their jurisdiction by producing copies of various oaths—as well as more generally urging litigants, particularly in tax cases, to challenge the authority of federal judges. We do not wish to dignify or draw undue attention to such websites by naming them here. We hope, nonetheless, that our opinion in this case will help speed the demise of this particular "urban legend."

Second, Plaintiff objects that absent proof that Romero "has ever recommended that a pro se litigant's case should go forward" her filings "must be disregarded by this Court as prejudicial to the Constitution's mandate for due process." ECF No. 66 at 2-3. The court overrules this objection because Romero has recommended that pro se litigants' cases should go forward. *See, e.g.*, *Vient v. Ancestry*, No. 2:19-cv-00051-DAK-CMR (D. Utah Jan. 23, 2020) (recommending that the court deny a defendant's motion to dismiss and grant a pro se plaintiff an additional opportunity to amend his complaint and effect service of process); *Andrews v. Ludlow*, No. 2:19-cv-00287-TC-CMR (D. Utah Apr. 28, 2020) (recommending that several defendants' motion to dismiss against a collection of pro se plaintiffs should be partially dismissed and partially granted); *Rohwedder v. Rocky Mountain Pies*, No. 2:20-cv-00034-DAK-CMR (D. Utah Dec. 4, 2020) (recommending that defendants' motion to dismiss against a pro se plaintiff should be partially dismissed and partially granted).

Third, Brown argues that Judge Romero must recuse herself from this case because she failed to adhere to the requirements of Federal Rule of Civil Procedure 72(b)(1), which pertains to the procedure for issuing findings and recommendations for dispositive motions. Rule 72(b)(1) states the following in relevant part:

> A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . . A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings . . . .

Plaintiff makes two specific allegations that Judge Romero failed to comply with the strictures of Rule 72(b)(1). First, according to Plaintiff, Judge Romero did not "*promptly* conduct the required proceedings" once she was assigned this case. Rule 72(b)(1). To support this contention, Brown

---

*Conces*, 507 F.3d at 1041 n.13. This court wholeheartedly agrees with this analysis.

9

notes that Romero failed to order the clerk's office to mark his amended complaint as filed until nearly seven months after it was initially submitted. He also points out that he was forced to file three requests to submit for decision on pending motions after observing no movement from Judge Romero. *See, e.g.*, ECF No. 40 (pertaining to Defendants' first set of motions to dismiss. ECF Nos. 32, 33), ECF No. 62 (pertaining to Defendants' second set of motions to dismiss. ECF Nos. 48, 51), ECF No. 64 (same).

But Brown provides no legal basis to support the proposition that Judge Romero violated Rule 72(b)(1) other than by citing the "maxim of old" that "justice delayed is justice denied." ECF No. 66 at 13. Indeed, while Brown asks the question "what is this Court's definition of promptly?" he supplies no definition of his own. *Id*. Brown's failure to produce any case law is unsurprising considering Congress has refused to create strict deadlines for judicial decisions. Indeed, when it passed the Civil Justice Reform Act ("CJRA") in 1990 to "ensure just, speedy, and in-expensive resolutions of civil disputes," rather than imposing penalties for failures to meet deadlines, Congress chose to adopt a mandatory reporting system to merely discourage federal courts from allowing motions to remain pending longer than six months. 28 U.S.C. §§ 471, 476. The key takeaway from the CJRA is that, while writing decisions in less than six month is an admirable goal, judges should not and will not lose their case assignments for failing to meet this aspirational target.[5] This court, therefore, will not reassign Judge Romero or invalidate any of her decisions solely for tardiness.

---

[5] It is important to note that, in this court's view, Judge Romero has promptly addressed the motions in this case. This motion to dismiss was filed on August 18, 2022, and Judge Romero issued her Report and Recommendation on February 7, 2023. *See* ECF Nos. 48, 65. This gap between filing and decision is less than the recommended six-month turn-around provided for in the CJRA. 28 U.S.C. § 476. Additionally, the first motions to dismiss in this case were filed in December and January of 2021 and Judge Romero issued an order finding them moot in August 2022 due to her order accepting the filing of Plaintiff's amended complaint. ECF Nos. 32, 33, 41. The turnaround

Second, Brown states that Judge Romero has violated Rule 72(b)(1) because she did not make a record of all evidentiary proceedings related to the case. To support this point, he contends that "Romero incorrectly assert[ed] facts on behalf of the defendants to the great detriment and prejudice of Brown," and that "matters that were presented outside of the pleadings were used in Romero's evaluation of Brown's complaint, in violation of Rule 12(d)." ECF No. 66 at 13. As an initial matter, Brown's argument fails because he neither identifies a single incorrect fact in Judge Romero's report and recommendation, nor identifies Judge Romero's improper use of a fact outside the pleadings.[6] Even if Plaintiff had identified such facts, this would not require Judge Romero to recuse herself from this case for violating Rule 72(b)(1). There is no discernable link between Rule 72(b)(1)'s mandate to make a record of evidentiary proceedings and Plaintiff's allegation that Judge Romero included facts outside the pleadings in her report. Indeed, Plaintiff does not indicate that any evidentiary proceedings have even taken place in this case for Judge Romero to record.[7] Frankly, the court struggles to make sense of this specific argument.

Ultimately, the court is unpersuaded that Judge Romero lacked authority to issue a report and recommendation regarding this motion and that her conduct in managing this case prejudiced Plaintiff such that this report and recommendation ought to be disregarded and a new magistrate judge assigned.

---

time for these motions was roughly eight months, which is only just outside the CJRA's recommended timeframe for a decision. 28 U.S.C. § 476.

[6] *See* footnote 1 for discussion of why Judge Romero's references to the state court dockets pertaining to Plaintiff's criminal case were permissible within the limits of a 12(b)(6) motion.

[7] Plaintiff has requested an evidentiary hearing on this motion pursuant to Federal Rule of Civil Procedure 72(B)(1). ECF No. 64 at 2. But such a hearing on a motion to dismiss defeats the purpose of Rule 12(b)(6), which is to give the court an early chance to dispose of issues that do not hinge on factual disputes. The court, therefore, denies this request.

## II. OBJECTION TO JUDGE MEMMOTT'S JUDICIAL IMMUNITY

Brown argues that the report and recommendation incorrectly held that Memmott was entitled to absolute judicial immunity because Memmott acted "in the complete absence of all jurisdiction." ECF No. 66 at 5 (quoting *Higley v. State of Utah*, No. 2:14-cv-00506-CW-EJF, 2016 WL 1170811, at *2 (D. Utah Jan. 16, 2016)). The court disagrees with Plaintiff's objection, holds that Memmott was entitled to judicial immunity, and dismisses Brown's eighth cause of action.

"A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). There are only two exceptions to judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citations removed). An action is judicial in nature if "it is a function normally performed by a judge." *Stump*, 435 U.S. at 362.

In his amended complaint, Plaintiff alleged that when Memmott presided over his justice court case Memmott violated his constitutional rights by failing to follow Utah Rule of Civil Procedure 81(e), denying the "threshold issues" Plaintiff argued, denying Plaintiff's "motion to claim and exercise constitutional rights, on the court record," not providing any "findings of fact and conclusions of law in support of his ruling," failing to give an opportunity to present any evidence, and denying Plaintiff his "substantive right to a trial by a jury of his peers." ECF 42 at ¶¶ 91, 112, 135–37, 141. Judge Romero's report and recommendation found that each of these alleged actions were clearly judicial in nature and subject to judicial immunity.

But Plaintiff responds that Judge Romero disregarded the fact that Memmott did not have any jurisdiction[8] when he presided over Plaintiff's case.[9] If true, this means that Memmott qualifies for the second *Mireles* exception and loses his immunity from liability. *Mireles*, 502 U.S. at 11-12. To support his argument, Plaintiff contends that the "threshold issues" he raised in justice court were challenges to the court's jurisdiction that neither the prosecution (led by Robinson) nor Memmott addressed. Brown argues that because "it is the burden of the 'party who seeks the exercise of jurisdiction in his favor' [to clearly allege] facts essential to show jurisdiction," the court lacked jurisdiction and Memmott, thus, acted completely without jurisdiction in presiding over the case. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citations omitted).

As an initial matter, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id*. Plaintiff's argument must fail because he does not even come close to meeting this incredibly high standard.

It is essential to clarify, from the outset, that Memmott explicitly addressed Brown's jurisdictional arguments. On October 14, 2021, Plaintiff filed a notice to dismiss with the justice court. ECF No. 1-8; ECF No. 42 at ¶ 97. According to the amended complaint, this notice included

---

[8] Plaintiff seems to solely argue that the court lacked subject matter jurisdiction. *See, e.g.*, ECF No. 66 at 5 (citing *A.S. v. R.S.*, 416 P.3d 465, 477 n.12 (Utah 2017) (explaining that subject matter jurisdiction cannot be conferred by the consent of the parties); *Id*. at 5 ("Brown properly challenged the municipal court's presumed jurisdiction over the subject matter of the quasi-criminal action.")). The court, thus, focuses its analysis on the justice court's subject matter jurisdiction over Plaintiff's case.

[9] Brown also objects that the report and recommendation improperly dismissed Plaintiff's sixth, seventh, eighth, and tenth causes of action because his trespassing conviction is void due to the justice court's lack of jurisdiction. ECF No. 66 at 10-11. The following discussion of why the justice court did not lack jurisdiction over the trespassing case suffices to answer this objection.

several arguments challenging the justice court's jurisdiction over Brown's case. ECF No. 1-8 at 3-4; ECF No 42 at ¶ 98. Then on November 2, 2021, Plaintiff attended a remote pretrial hearing. ECF No 42 at ¶ 101. During this hearing, Plaintiff again raised his "threshold issues" pertaining to the court's jurisdiction. *Id*. at ¶ 110. Upon consideration of both Plaintiff's notice to dismiss and oral argument on the jurisdictional issue, Memmott stated the following: "[W]hile I appreciate the homework you have put into your affidavits and notice to dismiss, I am going to deny them as they are baseless." *Id*. at ¶ 111. This is a clear statement that Memmott reviewed and decided Plaintiff's jurisdictional objections.

Plaintiff may argue that even though Memmott rejected his jurisdictional claim, it does not matter because Robinson, the prosecutor, failed to meet his burden by responding to Plaintiff's jurisdictional objections. This argument fails because, under Utah law, "subject matter jurisdiction is an issue that can and should be addressed sua sponte when jurisdiction is questionable." *Petersen v. Utah Bd. of Pardons*, 907 P.2d 1148, 1151 (Utah 1995). This means that the justice court had the power to rule on the existence of its own subject matter jurisdiction over the case regardless of whether it received briefing from Plaintiff or Defendant. Plaintiff could also argue that Memmott's ruling had no effect because it was not in writing. This type of "gotcha" procedural challenge does not help Plaintiff show that Memmott's actions were "malicious," let alone clearly absent of all jurisdiction. *Stump*, 435 U.S. at 356. And Plaintiff's assertion that Memmott did not issue a written ruling is not even true. The justice court docket clearly notes that Memmott filed an order disposing of "Defendant's Notice to Dismiss" on November 12, 2021. ECF No. 48-1 at 4.

Moreover, the court does not have a shred of doubt that the justice court had subject matter jurisdiction over Plaintiff's case. With limited and nonapplicable exceptions, "a justice court has original jurisdiction over class B and C misdemeanors . . . committed within the justice court's

territorial jurisdiction by an individual who is 18 years old or older." Utah Code § 78A-7-106. Brown was charged with a class B misdemeanor, ECF No. 48-4 at 1, in Wood Cross City, Utah,[10] ECF No. 66 at ¶ 52, and is more than 18 years of age, ECF No. 42-1 at ¶ 1. In sum, Memmott did not preside over Plaintiff's justice court case in the "complete absence of all jurisdiction." ECF No. 66 at 5 (quoting *Higley*, 2016 WL 1170811 at *2). He is, thus, entitled to judicial immunity and the court must dismiss Plaintiff's eighth cause of action. *Stump*, 435 U.S. at 356.

### III.  OBJECTION TO DEFENDANTS' *HECK* IMMUNITY

Brown objects that the report and recommendation misapplied the *Heck* doctrine to shield Jones from liability under 42 U.S.C. § 1983. Judge Romero advised that the court should dismiss Plaintiff's claims against Jones because, per *Heck*, "a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). Under this doctrine, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Judge Romero concluded that *Heck* applied to Plaintiff's sixth cause of action because Brown failed to allege any facts that showed his conviction was "reversed on direct appeal or impaired by collateral proceedings," even though he is using § 1983 to challenge the validity of his conviction as a pathway to obtain monetary damages from Jones. *Nichols*, 315 F. App'x at 739.

But Plaintiff argues that Judge Romero was wrong to apply *Heck* to Jones's conduct because his conviction in justice court was nullified by his decision to seek de novo review in Utah district court. According to Brown, convictions appealed from justice court have no legal effect as "the trial

---

[10] The court takes judicial notice of the fact that Woods Cross High School is located within Woods Cross City and that Woods Cross City is the territorial jurisdiction for the Woods Cross Justice Court.

de novo represents a completely fresh determination of guilt or innocence." ECF No. 66 at 6 (citing *Colten v. Kentucky*, 407 U.S. 104, 117 (1972)). This argument does not help Plaintiff because, regardless of the validity of his conviction in justice court, Brown entered a plea in abeyance after his appeal to the state district court. In his plea, Brown admitted guilt to the charge at issue and accepted a sentence of six-months probation. He also waived his due process rights associated with the charge against him, including his right to appeal the case further. If Plaintiff's initial conviction in justice court was not enough to trigger *Heck*, this later plea certainly meets the doctrine's requirements.

Brown further objects that his plea in abeyance does not trigger *Heck* because he entered into it six-months after submitting his amended complaint in the present case.[11] This court is similarly unpersuaded by this argument. Filing a complaint before a conviction is finalized is not a loophole for avoiding *Heck*. If the court were to agree with Brown and find that plaintiffs could advance a § 1983 claim even while they have properly been convicted of a crime simply because they cleverly timed the filing of their complaint, it would undermine the very purpose of the doctrine, which is to keep litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted).

Brown slightly reframes his objection by also arguing that because he never mentioned his plea in abeyance in his amended complaint the court cannot consider it on Defendants' 12(b)(6) motion. He states that such consideration is legally barred because courts "[can]not include or consider any facts asserted by Defendants which were not pleaded in the complaint (or which occurred after the complaint was filed)."[12] ECF No. 66 at 6 (quoting *City of Pontiac Police & Fire Ret. Sys. v. Jamison*, No. 3:20-

---

[11] Plaintiff still agreed to the plea in abeyance before Judge Romero ordered the clerk of court to switch the status of Plaintiff's amended complaint from "lodged" to "filed."

[12] For this proposition, Plaintiff also references (with no pincite) *Russell v. Cty. of Nassau*, 696 F. Supp. 2d 213 (E.D.N.Y. 2010), an irrelevant order partially granting and partially denying a motion for summary judgment, and *Rhoades v. Jim Dandy Co.*, 107 F.R.D. 26 (N.D. Ala. 1985), an irrelevant order denying a motion to intervene.

CV-00874, 2022 WL 884618, at *23 (M.D. Tenn. Mar. 24, 2022)). But the court already explained that it may take judicial notice of the state district court docket even at this early stage of litigation. *See supra* footnote 1. Moreover, Plaintiff misconstrues the meaning of the *City of Pontiac* decision by switching out the phrase "does not include or consider" for the phrase "cannot include or consider." 2022 WL 884618 at *23. *City of Pontiac* does not limit the types of facts of which a court may take judicial notice. *Id*. Ultimately, the court concludes that *Heck* still applies to Plaintiff's attempt to hold Jones liable for his actions related to Plaintiff's arrest. Thus, the sixth cause of action alleged in Brown's amended complaint must be dismissed.

## IV.    ROBINSON'S PROSECUTORIAL IMMUNITY

Brown objects that the report and recommendation improperly extended prosecutorial immunity to Robinson, the prosecutor in Plaintiff's justice court case. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 425–28 (1976)). This immunity is limited, however, to actions that "involve the prosecutor's role as advocate . . . rather than his [or her] role as administrator or investigative officer . . . ." *Burns v. Reed*, 500 U.S. 478, 491 (1991) (citing *Imbler*, 424 U.S. at 430–31). Judge Romero found that Plaintiff failed to allege any facts that showed Robinson acted outside of his prosecutorial role.

Brown now objects that "Robinson chose to use administrative law to supersede Brown's constitutionally protected rights to circumnavigate Brown's rights to due process of the law." ECF No. 66 at 7. Essentially, he maintains that pursuing a case in Woods Cross Justice Court is administrative in nature because justice courts are merely municipal or county courts that have

"abbreviated administrative-type proceedings."[13] *Id*. (citing *Matter of Crim. Investigation*, *7th D. Ct. No. CS-1*, 754 P.2d 633, 666 (Utah 1988) (Stewart, J., dissenting)). Plaintiff's argument has two flaws. First, Plaintiff's characterization of justice courts as administrative is based on a flawed reading of case law. Plaintiff cites *Matter of Crim. Investigation*, *7th D. Ct. No. CS-1* to show that the Utah Supreme Court believes that justice courts fulfill an administrative role, but the words he cites come from a dissenting opinion and the case itself does not even mention justice courts. *Id*. Second, case law from other Tenth Circuit jurisdictions supports the notion that prosecutorial immunity extends to prosecutions in municipal courts. The District of Kansas, for instance, has persuasively held that prosecutors are "absolutely immune from suit for acts such as filing and dismissing traffic cases against plaintiff, responding to motions, and prosecuting cases in the municipal and district courts." *King v. Knoll*, 399 F. Supp. 2d 1169, 1177 (D. Kan. 2005); *see also Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921-DDC-KGS, 2016 WL 3685355, at *10 (D. Kan. July 12, 2016). It is therefore clear that prosecuting a case in justice court is more akin to advocacy than administration. As such, the court extends prosecutorial immunity to Robinson and dismisses Plaintiff's seventh cause of action.

V.     **OBJECTION TO DEFENDANTS' PRESENTATION OF FACTS**

Brown objects that the report and recommendation improperly considered facts presented by Defendants in violation of Federal Rule of Evidence 602 because "a witness or someone with standing who has personal knowledge of the situation" did not swear to the truthfulness of the facts. Since these "papers" were "presented in an improper format" they "are a nullity." ECF No.

---

[13] Plaintiff also argues that the fact that Woods Cross Justice Court is not a court of record means that Robinson's prosecution was administrative in nature. While it is true that justice courts are not courts of record, *Bernat v. Allphin*, 106 P.3d 707, 710 (Utah 2005) (as corrected), Plaintiff cites no case law to indicate that this has any bearing on whether or not their proceedings are administrative.

66 at 8 (citing *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964)).[14] According to Plaintiff, this means the court must act as though Defendants never advanced an argument in their motion to dismiss, even if they cited to relevant authorities to make legal (non-factual) arguments. This objection has no merit.

Plaintiff's argument is convoluted because it is unclear what exactly he believes was "improper" about the way Defendants presented their "papers." Insofar as Plaintiff is objecting to Romero's decision to take judicial notice of state court dockets, which was the only evidence introduced outside Plaintiff's pleadings, the court has already addressed why it may consider these records on a 12(b)(6) motion. *See supra* footnote 1. Insofar as Plaintiff is arguing that this motion to dismiss is a nullity because Defendants' counsel did not sign an affidavit swearing to the accuracy of all of his statements in the motion, the court finds Plaintiff's argument frivolous for the following reasons.

According to Federal Rule of Civil Procedure 11(a), "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name," but, "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Here, Defendant's counsel clearly signed his name on the final page of each of his filings related to this motion, fulfilling the basic requirement of Rule 11(a). ECF No. 48 at 18, ECF No. 61 at 4. Moreover, Plaintiff names no rule or statute that requires Defendants to verify their pleading or submit an affidavit. Plaintiff seems to believe that Federal Rule of Evidence 602 requires such an affidavit, but this rule only states that *witnesses* may not testify to issues to which

---

[14] *Trinsey* did not actually hold that the court must treat papers "presented in an improper format" as a nullity. ECF No. 66 at 8. Instead, it simply explained that courts may not grant a motion to dismiss or motion for summary judgment relying on assertions of fact by counsel without the independent evidentiary support required under the standards supplied by Rules 12(d) and 56(c) respectively. *Trinsey*, 229 F. Supp. at 649.

they have no personal knowledge. Defendants do not present any witness testimony, nor does Judge Romero cite any in her Report. Ultimately, the court overrules Plaintiff's objection that Defendants' papers are a nullity. Thus, it adopts Judge Romero's recommendation to dismiss each of Plaintiff's claims against the Woods Cross Defendants.

## CONCLUSION AND ORDER

For the aforementioned reasons, the court ORDERS the following:

1. The court OVERRULES Plaintiff's objections to the report and recommendation;

2. The court ADOPTS the report and recommendation;

3. The court GRANTS the Woods Cross Defendants' motion to dismiss Plaintiff's amended complaint; and

4. The court DISMISSES all claims, collectively and individually, against the Woods Cross Defendants without prejudice.

DATED March 9, 2023

                                    BY THE COURT

                                    _____
                                    Jill N. Parrish
                                    United States District Court Judge