IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MIKEL R. BROWN,<br><br>                         Plaintiff,<br><br>v.<br><br>REID NEWEY et al,<br><br>                         Defendants. | REPORT & RECOMMENDATION RE: ECF 51<br><br>Case No. 1:21-cv-00154-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 31). Before the court is Defendants Davis School District, Reid Newey (Defendant Newey), Blake Haycock (Defendant Haycock), and John Robinson's (Defendant Robinson) [1] (collectively, Davis School District Defendants) Motion to Dismiss (Motion) (ECF 51) for failure to state a claim. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the undersigned RECOMMENDS that the court GRANT the Motion to Dismiss (ECF 51) Plaintiff's Amended Complaint (ECF 42).

## **BACKGROUND**

Pro se Plaintiff Mikel Ray Brown (Plaintiff or Mr. Brown), filed his initial Complaint against the Woods Cross Defendants and Davis School District Defendants on November 16, 2021 (ECF 1). Then, on August 2, 2022, with the permission of the court (ECF 41), Mr. Brown filed his

---

[1] The court notes that the Amended Complaint (ECF 42) does not specifically allege what relation Defendants Robinson and Haycock have to the Davis School District. However, the Amended Complaint references exhibits not filed with the Amended Complaint but attached to the original Complaint (ECF 42 at ¶ 14; *see also* ECF 1). Because of Mr. Brown's pro se status, the court will nonetheless consider the exhibits attached to the original Complaint. Exhibit 5 to the original Complaint indicates that Mr. Haycock was a security officer for the Davis School District, Defendant Robinson was the President of the Davis School District Board of Education, and Defendant Newey was the Superintendent of the Davis School District (ECF 1-5).

Amended Complaint (Amended Complaint) (ECF 42). Davis School District Defendants filed their Motion to Dismiss the Amended Complaint on August 30, 2022. Mr. Brown filed a Response to the Motion on September 24, 2022 (Response) (ECF 52). Davis School District Defendants filed their Reply to the Response was filed on September 22, 2022 (ECF 55).

Prior to the analysis of this Motion, the undersigned issued a Report and Recommendation (Recommendation) (ECF 65) on a separate motion to dismiss (ECF 48) the Amended Complaint filed by the Woods Cross Defendants on February 7, 2023. The court later issued a Memorandum Decision and Order (Order) fully adopting the Recommendation on March 9, 2023 (ECF 67). In that Order, the court dismissed all the claims in the Amended Complaint against the Woods Cross Defendants. The pending claims related to the David School District Defendants.

Mr. Brown's claims against the Davis School District Defendants largely arise from Mr. Brown's refusal to wear "a face covering," follow social distancing rules when in public buildings, and his later criminal trespass conviction (ECF 42 at ¶¶ 16–26, 149). Although much of the background in this case was summarized in the Recommendation, the undersigned briefly summarizes the Amended Complaint.

According to the Amended Complaint, Mr. Brown, on May 4, 2021, attended a public meeting of the Davis School District Board, but was initially not permitted access to the public building (*id.* at ¶¶ 16–18). A day later, Mr. Brown entered Mueller Park Junior High School and was told that "in order to stay within the school" he would have to cover "his mouth and nose with a face covering," which he refused (*id.* at ¶¶ 20–22). The Amended Complaint alleges that he was "harassed and under duress" for the time he was at Mueller Park Junior High, but that he eventually "left without further incident" (*id.* at ¶ 23–24).

Then, on July 13, 2021, Mr. Brown attended another public hearing by the Davis School District Board and after "moving a few chairs closer together," Defendant Robinson asked him to move the chairs back to how they were set up or he would be forcibly removed if he "did not comply with th[e] order" (*id.* at ¶¶ 25–26). Mr. Brown eventually complied (*id.* at ¶ 27). Mr. Brown also alleges that he made comments towards the board members at the public hearing, that those comments were protected under the First Amendment, and that Defendant Robinson "took issue with Plaintiff's comments" (*id.* at ¶¶ 28–31). Mr. Brown, however, left the public hearing "with no further incident" (*id.* at ¶ 32).

A week later, on July 20, 2021, Mr. Brown received an early morning visit to his home where he received a Trespass Notice (the Notice) signed by Defendant Haycock and delivered by two police officers and Defendant Haycock stating: "Mr. Mike Brown, if you enter or remain on Davis School District property you will be charged with criminal trespass" (*id.* ¶¶ 33–35 and ECF 1-4). On July 28, 2021, Mr. Brown alleges he "attempted to resolve the matter" by sending an email asking Defendant Haycock for the reasons, length, and appeal process for the Notice, but no response was immediately given to him (*id.* at ¶ 41). Mr. Brown sent another email asking for a written response on August 4, 2021, to which Defendant Haycock responded to the next day stating "'give me a call when you are available'" (*id.* at ¶¶ 42–43). Although not entirely clear whether Mr. Brown responded to Defendant Haycock's email thereafter, Mr. Brown alleges he had "previously informed" Defendant Haycock "that he wasn't available by phone and that he needed a written response" (*id.* at ¶ 43). Mr. Brown alleges that he then sent another email to Defendant Haycock on August 6, 2021, asking for a written response, but that he again received no reply (*id.* at ¶ 44).

Pursuant to "a government records access and management act request," Mr. Brown alleges that he received "a copy of an email dated July 22, 2021" (the Email) drafted by Defendant Robinson and sent to Defendant Newey, Defendant Haycock, and others, stating "[i]f Mr. Brown is going to promote more hatred and conflict then I don't want him having any opportunities to attend any of this children's functions for the period of his no trespass" (*id.* at ¶¶ 47–49 and ECF 42-2). Then, in violation of the Notice, on August 23, 2021, Mr. Brown once again entered Davis School District property "to pick up his son from Woods Cross High School" (*id.* ¶ 52). As Mr. Brown was exiting the school, Mr. Brown ran into Defendant Haycock, who then allegedly called Sean Jones, a police officer (Officer Jones),[2] "to report Plaintiff as trespassing" (*id.* at ¶ 53). Mr. Brown notes that Defendant Haycock "did not call police dispatch directly" (*id.* at ¶ 54).

Upon leaving the school, Officer Jones pulled Plaintiff over (*id.* at ¶¶ 57–60). During the stop, Officer Jones informed Mr. Brown that he had "received a phone call" from Defendant Haycock and that he "was being trespassed from school property" ECF 42 at ¶ 62). Mr. Brown also alleges that Officer Jones "failed to inform the Plaintiff of his probable cause and reasoning for detaining Plaintiff" (*id.* at ¶ 63). Officer Jones then issued Mr. Brown a criminal trespass citation and summons (*id.* at ¶¶ 57–60, 70).

Mr. Brown attended his trial for the criminal trespass citation remotely on December 28, 2021 (ECF 42 at ¶¶ 122, 127). At the trial, Mr. Brown asked Defendant Haycock about the Notice (*id.* at ¶ 142). Mr. Brown asked Defendant Haycock why he issued him the Notice, to which Defendant Haycock responded "'I was told to do so by the superintenden[t] (Defendant Newey)'"[3] (*id.* at ¶ 143–44). Mr. Brown also asked Defendant Haycock why Defendant Haycock never

---

[2] As noted in the Recommendation, Officer Jones was a police officer for the city of Woods Cross (ECF 65 at 2).
[3] The undersigned, consistent with Exhibit 5 of the original Complaint (ECF 1-5), construes this to mean that Defendant Newey is the Superintendent of the Davis School District.

responded to Mr. Brown's "repeated emails asking for clarification" on the Notice (*id.* at ¶ 145). Defendant Haycock answered by stating he "was told not to respond to [Mr. Brown] in writing by the superintenden[t]" (*id.* at ¶ 146). Mr. Brown then attended his trial and was eventually "found guilty of the [trespass] charge" (*id*. at ¶ 149).

Mr. Brown asserts ten different causes of action in his Amended Complaint (*see* ECF 42 at 15–23). Only the first, third, fourth, fifth, and ninth causes of action relate to the Davis School District Defendants. The first cause of action names the Davis School District and asks for injunctive relief alleging the Davis School District violated 18 U.S.C. § 241, 18 U.S.C. § 242, and Utah Code Ann § 76-8-201 by trespassing upon Plaintiff, "without due process, without probable cause and without a proper warrant" (*id.* at ¶ 153). 18 U.S.C. § 241 is a criminal federal statute for a conspiracy against rights with a remedy of imprisonment or a fine. 18 U.S.C. § 242 makes it a crime for a person acting under the color of to deprive another person "of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." Likewise, Utah Code Ann § 76-8-201 is a criminal statute where the state can pursue a class B misdemeanor if a violation is found.

The third (against Defendant Newey), fourth (against Defendant Robinson), and fifth (against Defendant Haycock) causes of actions are brought against these three defendants in their private and official capacities seeking money damages under 42 U.S.C. § 1983 (*see* ECF 42 at ¶¶ 167–184). Under these causes of action, Mr. Brown alleges Defendants Newey, Robinson, and Haycock (Individual Defendants) violated 18 U.S.C. § 241, 18 U.S.C. § 242, Utah Code Ann § 76-8-201, and Utah Code Ann § 62A-4a-201 by failing "to exercise objective reasonableness" (*id.* at ¶¶ 169, 175, 181). Mr. Brown also alleges that the issuing of the Notice violated his "due process right protected under 5th and 14th amendments" of the U.S. Constitution and that the lack of due

process resulted in a violation of his "right to freely assemble and his right to seek a redress of his grievances from the government" under the First Amendment (*id.* at ¶¶ 170, 176, 182).

The ninth cause of action is against the Davis School District and also seeks monetary relief under 42 U.S.C. § 1983 (*see* ECF 42 at ¶¶ 207–09). Under this cause of action, Mr. Brown alleges that the Davis School District violated Mr. Brown's "due process rights protected under the 5th and 14th amendments" of the U.S. Constitution by "preventing Plaintiff from ever stepping foot on school property again and seeking a criminal conviction" against him (*id.* at ¶ 208).

Davis School District Defendants move to dismiss Mr. Brown's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and also assert the qualified immunity defense. (ECF 51 at 9, 15). For the reasons discussed below, the undersigned recommends all claims against the Davis School District be dismissed.

## LEGAL STANDARDS

When deciding if a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662,

681 (2009) (quoting *Twombly*, 550 U.S. at 554–55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, 493 F.3d at 1177.

When qualified immunity is raised in a motion to dismiss, "the court accepts the well-pleaded facts contained in the complaint as true and construes them in the light most favorable to the plaintiff." *Long v. Boucher*, No. 1:19-cv-56, 2020 WL 6899496, at \*2 (D. Utah Nov. 24, 2020) (citing *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013)). "Questions of qualified immunity should be resolved at the soonest feasible stage of litigation." *Losee v. Preece*, No. 2:18-CV-195 TC, 2022 WL 957194, at \*3 (D. Utah Mar. 30, 2022) (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (stating that the "driving force behind" qualified-immunity principles is "that 'insubstantial claims' against government officials be resolved prior to discovery ... if possible")).

To overcome the defense of qualified immunity a plaintiff must allege facts sufficient to show that: (1) "the officer[s] asserting qualified immunity 'violated a federal statutory or constitutional right,'" and (2) "'the unlawfulness of [the officers'] conduct was clearly established at the time.'" *Boucher*, 2020 WL 6899496, at \*2 (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018)). "[I]f the plaintiff fails to establish either prong of the two-pronged qualified immunity standard," qualified immunity is warranted. *Id.* at 1242 (quoting *A.M. v. Holmes*, 830 F.3d 1123, 1134–35 (10th Cir. 2016)). The court "may address either prong first to achieve 'the fair and efficient disposition of each case.'" *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1232 (10th Cir. 2022) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)).

A Supreme Court or Tenth Circuit decision on point or the weight of authority from other courts can clearly establish a right. *Redmond v. Crowther*, 882 F.3d 927, 935 (10th Cir. 2018). This precedent also "need not be exactly parallel to the conduct here for the officials to have been on notice of clearly established law. '[G]eneral statements of the law' can clearly establish a right for qualified immunity purposes if they apply 'with obvious clarity to the specific conduct in question.'" *Halley v. Huckaby*, 902 F.3d 1136, 1149 (10th Cir. 2018) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

A court construes pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citations omitted). If pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

## DISCUSSION

### A.  Mr. Brown's Claims Against Davis School District are Subject to Dismissal.

1.  *Plaintiff's First Cause of Action Fails to State a Claim.*

The first cause of action asks for declaratory and injunctive relief against the Davis School District for "un-constitutional, unlawful actions against Plaintiff" based on alleged violations of

Plaintiff's "rights, without due process of law, without probable cause and without a proper warrant" under 18 U.S.C. §§ 241, 242, and Utah Code Ann. § 76-8-201. (ECF 42 ¶¶ 153–54, 161).

As stated in the prior Recommendation (ECF 65 at 11–12), Plaintiff's attempt to bring this suit under 18 U.S.C. §§ 241 and 242 is futile as these statutes are part of the Federal Criminal Code and do not grant civil plaintiffs, like Mr. Brown, a path for any type of private relief.[4] Similarly, Utah Code Ann. § 76-8-201 is a criminal statute that must be invoked by the State and does not grant Plaintiff's requested relief. Separately, none of these criminal statues explicitly provide a right to injunctive relief. As such Plaintiff has failed to successfully bring a claim for injunctive relief under the first cause of action against the Davis School District.

Even construing Plaintiff's pleadings liberally, Plaintiff has at best only made conclusory "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," not entitled to an assumption of truth. *Ashcroft*, 556 U.S. at 681. Here, the Amended Complaint, makes no mention of actions taken by the Davis School District that would show how Plaintiff's due process rights were violated or how probable cause was lacking The Amended Complaint contains facts alleging otherwise: Plaintiff alleges he was issued notice and warning of the trespass charges, Officer Jones acted upon probable cause from Defendant Haycock, and Plaintiff attended a trial and was ultimately found guilty (*id.* at ¶¶ 48, 53, 149). As such, Plaintiff's request to enjoin the Defendants from enforcing "un-constitutional, unlawful actions" is a bare assertion lacking supporting facts and a legal basis. Because the statutes cited by

---

[4] *See Tucker v. U.S. Ct. of App. 10th Cir.*, 815 F. App'x 292, 294 (May 19, 2020) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that "[t]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes") (citing *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994))).

Plaintiff cannot grant him any type of private injunctive relief, the undersigned RECOMMENDS the first cause of action against Davis School District be DISMISSED without prejudice.

### 2.   *Plaintiff's Ninth Cause of Action Under § 1983 Fails to State a Claim.*

Plaintiff's ninth cause of action is against the Davis School District under 42 U.S.C. § 1983 for damages (ECF 42 at 23). The Supreme Court has stated that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a claim for municipal liability under § 1983 for the actions of a municipal employee, a party must allege sufficient facts identifying "a government's policy or custom" that caused the alleged injury. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (citing *Monell*, 436 U.S. at 691–92). Plaintiff therefore has the burden to demonstrate it is plausible that "the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider*, 717 F.3d at 769. Stating a claim under § 1983 for deliberate indifference based on a policy or practice against a municipality requires plaintiff to allege an "(1) official policy or custom, (2) causation, and (3) state of mind." *Id.*

Here, "[t]he school district, as a quasi-municipal agency, can be sued for monetary, declaratory, or injunctive relief for depriving someone of constitutional or civil rights." *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000). "A municipality cannot, however, be held liable for the actions of its employees under the theory of respondeat superior." *Id.* (citing *Monell*, 436 U.S. at 691). Instead, a plaintiff must show that "the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Id.*

Upon careful review of Plaintiff's Amended Complaint, the court finds that no specific facts have been alleged against the Davis School District to meet the above standard. Liberally construing the Amended Complaint, the only allegation that appears to be relevant to the *Monell* standard is Defendant Robinson's Email stating "[i]f Mr. Brown is going to promote more hatred and conflict then I don't want him having any opportunities to attend any of this children's functions for the period of his no trespass" (ECF 42 at ¶¶ 47–49). However, there are at least two problems with this allegation. First, although the Amended Complaint suggests that Defendant Robinson is somehow affiliated with the Davis School District, the Amended Complaint never specifies what Defendant Robinson's official role is and the court therefore has difficulty ascertaining what kind of authority Defendant Robinson has in enacting or executing an official policy or custom on behalf of the Davis School District under the *Monell* standard. Even assuming Defendant Robinson is President of the Board of Education for the Davis School District, there are still no allegations stating Defendant Robinson had such authority. Moreover, courts have held that the conduct of an individual is not enough to meet the *Monell* standard as to an unconstitutional policy or custom attributable to a municipal or quasi-municipal agency.[5] The undersigned therefore RECOMMENDS that Plaintiff's ninth cause of action against the Davis School District be DISMISSED without prejudice.

## B. Plaintiff's § 1983 Claims Against the Individual Defendants are Subject to Dismissal.

Plaintiff's third, fourth, and fifth causes of action against the Individual Defendants are brought under Section 1983 and allege the same constitutional violations against each separate Defendant in both their private and official capacities (ECF 42 at ¶¶ 162–84). The core of these

---

[5] *See Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981) ("[T]he mere allegation of a single act of unconstitutional conduct by a municipal employee will not support the inference that such conduct was pursuant to official policies.").

alleged violations is that the Individual Defendants sought to prevent Plaintiff from "ever stepping foot on school property again and seeking a criminal conviction" against him (*id.* at ¶¶ 168, 174, 180). The undersigned breaks these causes of actions into three separate claims: (1) that the Individual Defendants are subject to Section 1983 liability for violating 18 U.S.C. § 241, 18 U.S.C. § 242, Utah Code Ann. § 76-8-201, and Utah Code Ann. § 62A-4a-201 and failing "to exercise objective reasonableness" (*id.* at ¶¶ 169, 175, 181); (2) that the issuing of the Notice violated his "due process right protected under 5th and 14th amendments" of the U.S. Constitution (*id.* at ¶¶ 170, 176, 182); and (3) that the lack of due process resulted in a violation of his "right to freely assemble and his right to seek a redress of his grievances from the government" under the First Amendment (*id.*). The court addresses each claim in turn below.

### 1. *Plaintiff's § 1983 Claims Against the Individual Defendants in their Official Capacities Should be Dismissed.*

Plaintiff brings claims against Defendants Newey, Robinson, and Haycock in their official capacities (ECF 42 at ¶¶ 168, 174, 180). However, there are no alleged facts to demonstrate that a policy or custom was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury by the Davis School District. *See Schneider*, 717 F.3d at 769; *see also Myers v. St. George Police Dept.*, No. 4:20-cv-00113-DN-PK, 2021 WL 4150888, at *8 (D. Utah Sept. 13, 2021), *aff'd sub nom. Myers v. Tufuga*, No. 22-4027, 2023 WL 2054061 (10th Cir. Feb. 17, 2023) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985))). Because the Amended Complaint fails to make any allegations to meet the *Monell* standard, and an action against the Individual Defendants in their official capacities is essentially an action against the Davis School

District, the undersigned RECOMMENDS that the § 1983 claims against the Individual Defendants in their official capacities be DISMISSED without prejudice.

    2.   *Claims Under 18 U.S.C. §§ 241, 242 and Utah Code Ann. §§ 76-8-201, 62A-4a-201 Should be Dismissed.*

For the same reasons discussed related to Plaintiff's first cause of action against the Davis School District, there is no private right of action for Plaintiff to bring suit against the Individual Defendants under 18 U.S.C. § 241, 18 U.S.C. § 242, Utah Code Ann. § 76-8-201. The same is true for Plaintiff's cause of action under Utah Code Ann. § 62A-4a-201.

Utah Code Ann. § 62A-4a-201 recognizes that parents possess "a fundamental liberty interest in the care, custody, and management of the parent's children," that whenever the "state moves to challenge or interfere with parental rights," the state must offer a "fundamentally fair process" for parents to challenge this interference, and that "prior to adjudication" in the protection of children the state must pursue the "least restrictive means or alternatives available to accomplish a compelling state interest." Utah Code Ann. § 62A-4a-201(1)(a)–(b). Although this statute does state that parents must receive a fundamentally fair process when the state tries to challenge or interfere with parental rights, the statute itself does not create a private cause of action for Plaintiff, and Plaintiff has not allege facts to support a case of the state challenging or interfering with Plaintiff's parental rights from the state's "interest in and responsibility to protect children whose parents abuse them or do not adequately provide for their welfare." *Id.* at § 62A-4a-201(2).

Accordingly, the undersigned finds that Plaintiff has failed to state a plausible claim for which relief can be granted under Utah Code Ann. § 62A-4a-201, and therefore RECOMMENDS that the court DISMISS the Section 1983 claim against the Individual Defendants under 18 U.S.C.§ 241, 18 U.S.C. § 242, Utah Code Ann § 76-8-201, and Utah Code Ann § 62A-4a-201 with prejudice, as no set of facts in the Amended Complaint could grant the relief requested.

3.   *Claims Under the Fifth and Fourteenth Amendments Should Be Dismissed.*

Plaintiff alleges that the Individual Defendants "in issuing Plaintiff the notice of trespass with the intent to deny Plaintiff his right to his liberty" violated his "due process rights under the 5th and 14th amendments to the United States Constitution" (ECF 42 at ¶¶ 170, 176, 182).

As to Plaintiff's Fifth Amendment claim against the Individual Defendants, the Tenth Circuit has held that the "Due Process Clause of the Fifth Amendment applies only to action by the federal government." *Koessel v. Sublette County Sheriff's Dept.*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Here, the Amended Complaint does not allege that any of the Individual Defendants acted on behalf of the federal government. Notwithstanding Plaintiff's failure to specify how Defendant Robinson or Defendant Haycock are affiliated with the Davis School District, and liberally construing the Amended Complaint, all three of the Individual Defendant are alleged to be connected to the Davis School District and are thereby state actors. Plaintiff fails to plead that any of the Individual Defendants acted on behalf of the federal government. Because of this, Plaintiff has not shown that the Individual Defendant violated Plaintiff's constitutional rights and the Individual Defendants are therefore entitled to qualified immunity as to the alleged Fifth Amendment violation as Plaintiff has failed to overcome the first prong of the qualified immunity analysis. *Boucher*, 2020 WL 6899496, at *2. The court therefore RECOMMENDS that the Fifth Amendment claims against the Individual Defendants be DISMISSED with prejudice.

Plaintiff also fails to state a plausible claim against the Individual Defendants under the Fourteenth Amendment. Construing Plaintiff's allegations in the third, fourth, and fifth cause of action from the Amended Complaint as true, the court reads these causes of action to state that the Individual Defendants issued the Notice against Plaintiff's "right to his liberty," to prevent him

from ever entering school property again. However, these statements lack sufficient factual matter for the undersigned to infer that Plaintiff is entitled to relief. *Robbins*, 519 F.3d at 1247.

As an initial matter, there are no allegations connecting Defendant Robinson to actions taken by the Davis School District. Despite this, the court notes that Plaintiff's Amended Complaint does point to the Email by Defendant Robinson that references Plaintiff and the Notice. However, Plaintiff alleges that he received the Notice on July 20, 2021 and that the Email was "dated July 22, 2021" (ECF 42 at ¶¶ 33–35; 46–48). Because of this and the lack of any other allegations connecting Defendant Robinson to the Notice, there are no allegations to support that Defendant Robinson was involved with the issuance of the Notice. Plaintiff has failed to state a plausible claim against Defendant Robinson under the Fourteenth Amendment related to the fourth cause of action, and this claim against Defendant Robinson should be dismissed.

Even assuming the Notice is enough to tie Defendant Robinson to this claim, the Individual Defendants are nonetheless entitled to qualified immunity as to the Fourteenth Amendment claim. The Fourteenth Amendment prohibits any state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To be entitled to procedural due process, Plaintiff must prove it has either a protected property or liberty interest. *See Bd. Of Regents of State Colls. V. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). A procedural-due-process claim requires (1) a constitutionally cognizable liberty or property interest, (2) a deprivation of this interest, and (3) a lack of constitutionally adequate notice and a hearing. *Id.* at 569–70. To determine whether a plaintiff has been deprived of procedural due process, courts ask two questions: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so,

(2) was the plaintiff afforded an appropriate level of process? *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).

Here, the Amended Complaint alleges that Defendant Haycock accompanied two police officers the morning Mr. Brown received the Notice and that Defendant Haycock handed Mr. Brown the Notice at the direction of Defendant Newey (ECF 42 at ¶¶ 33–35; 143–44). Plaintiff alleges that the Individual Defendants issued the Notice against Plaintiff's "right to his liberty," to prevent him from ever entering school property again and to obtain a criminal conviction against him. However, caselaw supports that such a right does not exist. Indeed, at least one court in the Tenth Circuit has held that "members of the general public have neither a liberty nor property interest in being present on a school campus, and absent such an interest, they are not entitled to the procedural due process protections of the Fourteenth Amendment." *Abegg v. Adams/Arapahoe Sch. Dist. J8/Aurora Pub. Sch.*, No. 12-CV-01084-REB-MJW, 2012 WL 7783087, at *5 (D. Colo. Oct. 9, 2012), *report and recommendation adopted sub nom. Abegg v. Adams-Arapahoe Sch. Dist. 28J/Aurora Pub. Sch.*, No. 12-CV-01084-REB-MJW, 2013 WL 1164473 (D. Colo. Mar. 21, 2013) (quoting *Lankster v. Williams*, No. 11–00434–WS–B, 2012 WL 950096, at *3 (S.D. Ala. Mar. 5, 2012), *report and recommendation adopted* 2012 WL 952269 (S.D. Ala. Mar. 20, 2012)).

The court in *Abegg* went a step further and reiterated that "[s]chool officials have the authority to control students and personnel on school property, and also have the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property." 2012 WL 7783087, at *5 (quoting *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999)). *Abegg* is also factually similar in that it involved someone who received a threat of criminal prosecution from a violation of not entering and being on the school premises. *Id.* at *1. Adopting this reasoning, the undersigned finds that Plaintiff has not shown that the Individual

Defendant violated Plaintiff's constitutional rights and because of this, the Individual Defendants are entitled to qualified immunity as to the alleged Fourteenth Amendment violation. *Boucher*, 2020 WL 6899496, at *2.

Accordingly, the court finds that Mr. Brown has not adequately pled a procedural due process claim for which relief can be granted for failing to identify a protected property or liberty interest to which due process protections apply. As a result, the Individual Defendants are entitled to qualified immunity as to this claim. The undersigned therefore RECOMMENDS that the Fourteenth Amendment claim against the Individual Defendants be DISMISSED with prejudice.

### 4.   *Plaintiff's First Amendment Claims Should be Dismissed.*

Lastly, Plaintiff alleges that the Individual Defendants violated his First Amendment Rights "by issuing [the] notice of trespass without due process of law" (ECF 42 at ¶¶ 170, 176, 182). The allegations under the First Amendment claims read alone, however, are nothing more that conclusory statements. Under a liberal construction, the Amended Complaint alleges that Plaintiff's comments towards the board members at the public hearing were protected under the First Amendment, and that Defendant Robinson "took issue with Plaintiff's comments" (*id.* at ¶¶ 28–31). Defendants Haycock and Newey are also implicated in this claim as the Amended Complaint alleges Defendant Haycock accompanied two police officers the morning Mr. Brown received the Notice and that Defendant Haycock issued Mr. Brown the Notice at the direction of Defendant Newey (ECF 42 at ¶¶ 33–5; 143–44).

The First Amendment, applicable to the States through the Fourteenth Amendment, provides that "Congress shall make no law . . . Abridging the freedom of speech." *Virginia v. Black*, 538 U.S. 343, 358 (2003). To sufficiently state a claim asserting First Amendment retaliation, Plaintiff must plead three elements:

(1) that he was engaged in a constitutionally protected activity; (2) that the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendants' adverse action was substantially motivated as a response to his exercise of constitutionally protected conduct.

*Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1226 (10th Cir. 2020) (quoting *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). The court will address each of these elements in turn.

> i.  *Plaintiff sufficiently pleads that he was engaged in constitutionally protected activity.*

Liberally construing the Amended Complaint, Plaintiff asserts that by issuing the Notice, the Individual Defendants violated his right to "freely assemble and his right to seek a redress of his grievances from the government, all protected under the [First Amendment]" (ECF 42 at ¶¶ 170, 176, 182). Defendants argue that Plaintiff was not engaged in constitutionally protected activity because Plaintiff engaged in disruptive and disorderly conduct, and the "First Amendment does not protect all disorderly and disruptive conduct" (ECF 51 at 25). Defendants point to Plaintiff engaging in disorderly conduct when he "refused to wear masks, pushed past security guards, crawled around on the floor, and rearranged furniture at school board meetings" to support their argument (ECF 51 at 26).

At the motion to dismiss stage, where this court must accept all well pleaded allegations and construe them in the light most favorable to the plaintiff, the court finds that Plaintiff has sufficiently alleged that he engaged in constitutionally protected activity by giving public comment during the school board meeting (ECF 52 at 22). In support of their Motion, the Individual Defendants focus on Plaintiff's conduct at the relevant meetings: refusing to wear a mask, pushing past security guards, crawling around on the floor, and rearranging furniture and argue they have the right to preclude certain conduct (ECF 51 at 25). While that may be the case, Plaintiff's conduct

or refusal to follow school rules is not the focus of Plaintiff's First Amendment Claim, and the Individual Defendants cite to summary judgment cases where conduct instead of speech is addressed.

Individual Defendants include a string cite to several cases (*see* ECF 51 at 25), but they fail to explain their application. The Motion lacks any substantive discussion of how *Cox v. State of Louisiana*, 379 U.S. 536 (1965) is relevant, and the case ultimately reversed a conviction for violating a statute forbidding obstruction of public passages explaining the "appellant's freedoms of speech and assembly, secured to him by the First Amendment, as applied to the States by the Fourteenth Amendment, were denied by his conviction for disturbing the peace." *Id.* at 558. The case does explain that the "right to free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at a public place at any time," *id*. at 555, but it is unclear how it applies to this case in this procedural posture. *Carey v. Brown*, 447 U.S. 455 (1980) and *McCook v. Springer Sch. Dist.*, 44 F. App'x. 896 (10th Cir. 2002) both involve motions for summary judgment which is a different standard than what is applicable here. While *Carey* explains there can be reasonable time, place, and manner regulations to all speech, it is not clear how that is relevant at the motion to dismiss stage or in this case. *Carey*, 477 U.S. at 470. *McCook* is the most relevant of the cited cases, in that it specifically addresses a First Amendment retaliation claim, albeit under the motion for summary judgment standard. *McCook*, 44 F. App'x at 904. However, the court there ultimately found the first element for a First Amendment retaliation claim was met where plaintiffs lodged complaints and objections to a school and its administration, and in response, plaintiffs alleged they were retaliated against by expelling a student and excluding parents from school property. *Id*.

Defendants have not sufficiently supported or explained their argument that contemporaneous disorderly conduct trumps the alleged protected speech allegations at the motion to dismiss stage. And here, Plaintiff seems to assert in both his Amended Complaint and Response that the comments made at the public meeting were his allegedly constitutionally protected activity under this claim (ECF 42 at ¶¶ 28–31; ECF 52 at 22). For these reasons, the court finds that Plaintiff has met his burden to allege facts showing that he was engaged in constitutionally protected activity.

        ii.     *Plaintiff sufficiently pleads that Defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity.*

Plaintiff alleges that he received the Notice prohibiting him from attending future meetings (ECF 42 ¶¶ 35–40). Plaintiff further alleges that the Individual Defendants worked against Plaintiff to prevent him "from ever stepping foot on school property again and seeking a criminal conviction" by the issuance of the Notice (ECF 42 at ¶¶ 168, 174, 180). Plaintiff references the Notice which specifically states that if he entered or remained on Davis School District property he would be charged with criminal trespass (ECF 42 at ¶ 35; *see also* ECF 1-4). Defendants do not argue that Plaintiff did not satisfy the second requirement. The court finds that Plaintiff has sufficiently alleged that the Notice, and the actions surrounding the Notice by the Individual Defendants, directly interfered with Plaintiff's right to speak at public school board meetings and would chill a person with ordinary firmness from engaging at public school board meetings. The court therefore finds that Plaintiff has sufficiently pled the second element for a First Amendment retaliation claim. *See Hinkle*, 962 F.3d at 1226.

>    iii.    *Plaintiff fails to sufficiently plead that the Individual Defendants' adverse*
>            *actions were substantially motivated by the protected conduct.*

Defendants argue that the Amended Complaint fails the third element because "even if [Plaintiff] did engage in protected speech, [Plaintiff] cannot *show* that Davis School District Defendants' actions where substantially motivated by that protected speech" (ECF 51 at 27) (emphasis added). Defendants also reference a letter that Plaintiff received, and the letter indicated that Plaintiff had been banned because of his disruptive behavior (*id.* (citing ECF 1-5)). Defendants argue that the Amended Complaint "shows that the trespass ban was due to [Plaintiff's] disruptive behavior, and not any constitutionally protected activity" (*id.*).

Plaintiff is not required at this stage to prove his claim but rather allege sufficient facts to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Defendants, in asking the court to find that Plaintiff's conduct was the substantial motivation behind the alleged retaliation and not the speech, at this stage is impermissibly asking the court to weigh evidence which the court cannot do. Notwithstanding, the Plaintiff fails to allege sufficient facts to meet this element. Construing the allegations in the Amended Complaint in the light most favorable to the Plaintiff, the court recognizes Plaintiff cites to the Email (ECF 42 at ¶ 48). But as pled, there are no allegations connecting the Email to the First Amendment Retaliation claim. Moreover, simply stating that his First Amendment rights were violated by the issuance of the Notice with no further "factual enhancement" makes this allegation conclusory and not entitled to the assumption of truth. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citing *Kellum v. Mares*, 657 F. App'x 763, 770 (10th Cir. 2016)). Plaintiff has therefore failed to allege sufficient facts indicating that the Individual Defendants' actions were "substantially" motivated as a response to Plaintiff's exercise of constitutionally protected activity. *See Hinkle*, 962 F.3d at 1226.

As a result, Plaintiff has failed to overcome the first prong of qualified immunity in that he has failed to allege facts sufficient to show a violation of a federal statutory or constitutional right.

Moreover, even if this last element was met under the First Amendment retaliatory test, Plaintiff has not met his burden to show that the issuance of the Notice, even with the alleged retaliatory intent, implicated a violation of a clearly established right as required under the qualified immunity analysis. Plaintiff failed to point to the court to any Supreme Court or Tenth Circuit case that clearly establishes the unlawfulness of Individual Defendants' conduct. Under the second prong, Plaintiff must plead sufficient facts to show that "the unlawfulness of [the officers'] conduct was clearly established at the time." *Boucher*, 2020 WL 6899496, at *2 (quoting *Wesby*, 138 S. Ct. at 589). The Tenth Circuit has held that "[a] clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Ullery v. Bradley*, 949 F.3d 1282, 1291 (10th Cir. 2020) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent." *Id.* (quoting *Wesby*, 138 S. Ct. at 589). Although at the motion to dismiss stage, "'a case directly on point' is not required, 'existing precedent must have placed the constitutional question regarding the illegality of the defendant's conduct beyond debate.'" *Id.* (quoting *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir.), *cert. denied sub nom. Cummings v. Bussey*, 140 S. Ct. 81 (2019)). Precedent however, "must be particularized to the facts." *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017) (citing *White v. Pauly*, 137 S.Ct. 548, 552, (2017)). And "precedent is often particularized when it involves materially similar facts." *Id.* (citing *White*, 137 S.Ct. at 552). "Thus, a right is clearly established when a precedent involves '*materially similar conduct*' or applies 'with *obvious*

*clarity*' to the conduct at issue." *Id.* (quoting *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964–65 (10th Cir. 2016)).

Plaintiff fails to cite to precedent involving facts that are materially similar to this case or that applies with obvious clarity. As a result, even if Plaintiff has properly alleged a First Amendment retaliatory claim, the Individual Defendants are entitled to qualified immunity as to this claim. *See id.* The undersigned therefore RECOMMENDS that the First Amendment claim against the Individual Defendants be DISMISSED with prejudice.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS that the court GRANT Davis School District Defendants' Motion to Dismiss (ECF 51) for failure to state a claim as follows:

1. Plaintiff's First and Ninth causes of action against the Davis School District be DISMISSED without prejudice;

2. Plaintiff's § 1983 claims under the third, fourth, and fifth causes of action as to the Individual Defendants in their official capacities be DISMISSED without prejudice; and

3. Plaintiff's remaining § 1983 claims under the third, fourth, and fifth causes of action as to the Individual Defendants in their individual capacities be DISMISSED with prejudice because the Individual Defendants are entitled to qualified immunity.[6]

---

[6] The undersigned recommends dismissal of the individual capacity claims against the Individual Defendants "with prejudice because they are entitled to qualified immunity." *See Vreeland v. Olson*, No. 20-CV-02330-PAB-SKC, 2021 WL 4237269, at *5 n.7 (D. Colo. Sept. 16, 2021) (citing *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (instructing district court to dismiss based on qualified immunity "with prejudice")). The undersigned recommends dismissal of the remaining claims without prejudice due to "pleading error[s] that may be cured." *See id.* ("Dismissal with prejudice is proper only 'where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001))).

## <u>NOTICE</u>

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7 August 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah